PEOPLE v WILSON

Docket No. 51653. Submitted April 22, 1981, at Detroit.—Decided
June 9, 1981.

Robert Wilson was convicted in Wayne Circuit Court of at-
tempted larceny by false pretenses and was sentenced, Patrick
J. Duggan, J. Defendant appeals, raising the following issues:
(1) whether the trial court erred in denying defendant's motion
for a directed verdict of acquittal and (2) whether the trial
court abused its discretion in determining that the probative
value of admitting evidence of a prior conviction for impeach-
ment purposes outweighed its prejudicial impact. *Held:*

1. Defendant's contention that a rational trier of fact could
not have found him to be guilty unless an impermissible
inference upon an inference was allowed to be drawn is not
correct. There was sufficient circumstantial evidence to infer
that defendant was guilty of the crime charged. Reasonable
inferences may be drawn from circumstantial evidence and
established facts; it is the pyramiding of an inference upon an
inference that is impermissible. The trial court did not err by
denying defendant's motion for a directed verdict of acquittal.

2. The trial court recognized its duty to weigh the various
factors which must be considered in determining the admissibil-
ity of evidence of prior convictions for purposes of impeach-
ment and it weighed the various known factors. Evidence of
only one of two prior convictions, the one considered to be
dissimilar and most recent, was admitted. It cannot be said
that the trial court abused its discretion by determining that
the probative value of the evidence outweighed its prejudicial
impact.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1170.
[2] 5 Am Jur 2d, Appeal and Error § 883.
[3] 29 Am Jur 2d, Evidence § 166.
[4-6] 29 Am Jur 2d, Evidence § 327.
  81 Am Jur 2d, Witnesses § 569.
[5] 5 Am Jur 2d, Appeal and Error § 881.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — DUE PROCESS.

   Due process requires that the prosecutor introduce sufficient evidence which could justify a trier of fact in reasonably concluding that the defendant is guilty beyond a reasonable doubt before the defendant can be convicted.

2. APPEAL — CRIMINAL LAW — MOTION FOR DIRECTED VERDICT — DENIAL OF MOTION — STANDARD.

   The Court of Appeals must view the evidence in a light most favorable to the prosecutor when hearing an appeal from a denial of a criminal defendant's motion for a directed verdict for acquittal.

3. CRIMINAL LAW — INFERENCES.

   Reasonable inferences may be drawn from circumstantial evidence and established facts; it is the pyramiding of an inference upon an inference which is impermissible.

4. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

   The rules of evidence allow the use of evidence of prior convictions for impeachment if the trial court determines that the probative value of admitting the evidence outweighs its prejudicial impact (MRE 609[a][2]).

5. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — DISCRETION.

   The decision to allow impeachment by evidence of prior convictions is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.

6. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.

   The factors to be considered by a trial court in deciding whether to permit impeachment by evidence of prior convictions are: (1) the nature of the prior offense and its bearing on defendant's credibility, (2) whether it is for substantially the same conduct for which defendant is on trial, with closely related offenses requiring close scrutiny due to the likelihood of prejudice, and (3) the effect on the decisional process if the defendant does not testify out of fear of impeachment.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Janice M. Joyce,*
Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg,* Assistant State Appellate
Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and ALLEN and
D. C. RILEY, JJ.

PER CURIAM. On January 16, 1980, defendant
was convicted of attempted larceny by false pre-
tenses, MCL 750.218; MSA 28.415 and MCL
750.92; MSA 28.287. On February 5, 1980, he was
sentenced to three years probation with the first
six months to be served in the Detroit House of
Corrections. Defendant appeals his conviction as of
right, raising two issues for our consideration.

Defendant was charged with falsely representing
himself to be the owner of a black leather jacket
which in fact belonged to J. L. Hudson Company.
It was alleged that defendant sought to exchange
this black leather jacket for a brown leather
jacket.

The prosecution's case was presented primarily
through the testimony of two witnesses, a salesper-
son in the men's clothing department at Hudson's
and a plain-clothes store detective. The prosecutor
accurately summarized the evidence as follows:

"*[Assistant Prosecutor]:* Your Honor, the defendant
comes into a department of a store carrying a silver
bag. With that bag over his shoulder, he has a conversa-
tion with a sales person relative to a refund on a
leather jacket. The clerk tells this defendant at that
time that he has to have the sales receipt. The defen-
dant then goes—we have certain people seeing things—
but the defendant then goes, selects a leather jacket
that belongs to that store and places it next to his
garment bag, flips it over, carries it up to the counter,

places it on the bottom and then carries it up to the top, then has a conversation about an equal exchange with the clerk. The exchange then goes on or the clerk has a conversation relative to the exchange and she gets permission to do so. The exchange then goes on to some extent. The clerk takes that jacket, places it on the rack. The defendant waits there. There is a picking of another jacket to exchange it with and then the defendant is arrested."

Defendant's first contention is that the trial judge erred in denying his motion for a directed verdict based on the prosecution's alleged failure to prove that defendant falsely represented himself to be the owner of the black leather jacket.

Due process requires that, before a defendant can be convicted of a criminal offense, the prosecutor introduce sufficient evidence which could justify a trier of fact in reasonably concluding that the defendant is guilty beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979). The standard of appellate review when a directed verdict has been denied is essentially the same, although the evidence must be viewed in a light most favorable to the prosecution. *People v Hampton, supra.*[1] Defendant argues that a rational

[1] The elements of larceny by false pretenses are summarized in pertinent part as follows in CJI 23:7:01:

"[1] the defendant must have used a pretense or made a false statement relating to either past or then existing facts and circumstances. A pretense is any statement, device, trick, document, writing or object which is false.

"[2] at the time he made or used the pretense, the defendant must have known it to be false.

"[3] at the time he made or used the pretense, the defendant must have intended to defraud or cheat someone.

"[4] the person alleged to have been defrauded must have relied on the false pretense made by the defendant.

"[5] in so relying that person must have suffered the loss of some money or other valuable thing.

"[6] the property which was taken must have had a fair market value which exceeded, that is, was over, $100 at the time of the obtaining of the property." (Footnotes omitted.)

trier of fact could not have found that defendant falsely represented himself to be the owner of the black leather jacket unless an impermissible "inference upon an inference" was drawn. *People v Atley,* 392 Mich 298, 314-315; 220 NW2d 465 (1974).

Reasonable inferences may be drawn from established facts; it is the pyramiding of inferences which is impermissible. *People v Clay,* 95 Mich App 152, 159; 289 NW2d 888 (1980), citing *People v Atley, supra,* and *People v McGregor,* 45 Mich App 397; 206 NW2d 218 (1973). The fallacy of defendant's argument lies in the fact that he has interpreted an inference drawn on circumstantial evidence as an inference upon an inference. The false pretense alleged in this case is that defendant represented himself to be the owner of the jacket when he was not. There is sufficient circumstantial evidence to infer the assertion of ownership. For example, there was the evidence produced that defendant was observed taking a jacket off a rack and placing it under his garment bag. This evidence was clearly inconsistent with the possibility that defendant was merely inquiring into refund and exchange policies. We find no error in the trial judge's denial of defendant's motion for a directed verdict.

Defendant's next contention is that the trial judge abused his discretion in determining that the probative value of admitting evidence of defendant's 1975 attempted armed robbery conviction for impeachment purposes outweighed its prejudicial impact.

The record indicates that initially the prosecu-

---

See also *People v Cage,* 410 Mich 401; 301 NW2d 819 (1981).

Finally, because the charge involved an attempt, the prosecution must prove that the defendant performed an act beyond mere preparation towards committing the crime. See CJI 9:1:01(4).

tion requested that evidence of defendant's two prior felony convictions be admitted for the purpose of impeaching defendant's credibility. The judge ruled that evidence of defendant's 1971 larceny from a person conviction should be suppressed because of the number of years which had elapsed and the similarity to the crime charged. The judge did rule that evidence of the 1975 conviction for attempted armed robbery was admissible:

"However, the attempted robbery armed is a much more recent crime and while it does involve theft as does the essence of this crime, nevertheless, the Court feels the crimes are sufficiently dissimilar that the same criteria that I applied in the larceny, does not necessarily apply here and I think it would be unfair to our system of justice to deny the prosecution the right, for credibility only, of course, to bring out the fact that in 1975, he was convicted of attempt[ed] robbery armed."

MRE 609(a)(2) allows the use of evidence of prior convictions for impeachment if the trial judge determines that the probative value of admitting the evidence outweighs its prejudicial impact. The decision to allow impeachment by evidence of prior convictions is within the discretion of the trial court, *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), and will not be reversed on appeal absent an abuse of discretion. *People v Jones,* 98 Mich App 421, 433; 296 NW2d 268 (1980). See also *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959) (defining abuse of discretion).

The factors which the judge must consider in making his determination on the admissibility of evidence of prior convictions for impeachment were set forth in *People v Crawford,* 83 Mich App

35, 39; 268 NW2d 275 (1978), and succinctly restated in *People v Clay, supra,* as follows:

"(1) the nature of the prior offense and its bearing on defendant's credibility, (2) whether it is for substantially the same conduct for which defendant is on trial, with closely related offenses requiring close scrutiny due to the likelihood of prejudice, and (3) the effect on the decisional process if the defendant does not testify out of fear of impeachment."

The record indicates the trial judge clearly recognized his duty to exercise his discretion and evaluate the probative versus the prejudicial effect of his decision. It is also clear that he considered factors one and two as set forth in *People v Crawford, supra.*

What is not clear from the record is whether the judge considered factor three, the effect if defendant does not testify out of fear of impeachment. During argument on the motion to suppress, defense counsel's only argument to the court was that the prior crimes were similar. Defense counsel did not discuss the probability that, in the event that evidence of his prior convictions was admitted, defendant would not testify. It was only after the judge ruled that counsel announced his client's intention not to take the stand.

In *People v Jones, supra,* this Court cited a recent federal court case, *United States v Cook,* 608 F2d 1175 (CA 9, 1979). In *Cook,* the defendant elected to remain silent after the court ruled that evidence of his prior convictions would be admissible for impeachment. On appeal, Cook asserted that the chilling effect of the court's preliminary ruling changed the course of his trial and prejudiced his defense. In the course of reviewing and upholding the trial court's ruling, the Court stated:

"In future cases to preserve the issue for review, a

defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609." *Id.,* 1186.

The judge in the instant case could not be expected to articulate his assessment of what effect defendant's failure to testify would have on the decisional process when defendant did not indicate his intentions on the point. In *People v Jones, supra,* this Court held:

"Defense counsel did not assert that the defendant would testify if his record were suppressed, and neither defendant nor his lawyer said what his testimony would be. What could it be? * * * The trial judge referred to MRE 609 and permitted use, for impeachment, of defendant's three convictions, all recent, because they *involved theft, a kind of dishonesty which would be especially probative of where the truth lies in this case.* We cannot say that the court's ruling was wrong, much less an abuse of discretion, although the convictions were for the same or similar crimes.

"A judge who refers on the record to MRE 609(a) and quotes language in subparagraph (1) of that rule must be credited with recognition and performance of the function imposed upon him by subparagraph (2) of that rule when he decides the suppression motion." *Id.,* 434. (Emphasis added.)

Similarly, in the case at bar, the judge recognized his duty and weighed the various factors known to him. He allowed only one of the prior convictions, the one he considered to be dissimilar and most recent. The making of this ruling cannot be construed as an abuse of discretion.

Affirmed.

N. J. KAUFMAN, P.J., concurs in result only.