PEOPLE v BELL

Docket No. 89566. Submitted July 10, 1986, at Lansing. Decided October 8, 1986.

Andrew C. Bell was convicted of assault with intent to commit great bodily harm less than murder, felonious assault, two counts of failure to stop at the scene of a personal injury accident, and felonious driving, Oakland Circuit Court, Fred M. Mester, J. Defendant appealed, asserting four bases for reversal of his convictions: (1) the trial court failed to articulate its reasons for admitting evidence of defendant's prior felony convictions; (2) the trial court failed to grant defendant a continuance to permit defendant to obtain a different court-appointed attorney; (3) the trial court denied defendant's request that CJI 4:2:02(7) be read to the jury; and (4) there was insufficient evidence to convict defendant of felonious assault and assault with intent to commit great bodily harm less than murder.

The Court of Appeals *held:*

1. The failure of the trial court to articulate its discretion on the record when determining whether to allow evidence of prior convictions does not require reversal where it appears from the record that the trial court was aware of its discretion and the factors relevant to the exercise of that discretion. The Court of Appeals believed that the trial court was aware of its discretion because it suppressed evidence of defendant's prior misdemeanor convictions.

2. The grant or denial of a continuance rests within the discretion of the trial court. Reversal is mandated only upon an

REFERENCES

Am Jur 2d, Assault and Battery § 92.

Am Jur 2d, Continuance §§ 3, 4.

Am Jur 2d, Evidence §§ 251, 264, 266, 327, 1091, 1170-1172.

Construction and application of Rule 609(a) of the Federal Rules of Evidence permitting impeachment of witness by evidence of prior conviction of crime. 39 ALR Fed 570

Modern status of rule regarding necessity of instruction on circumstantial evidence in criminal trial—state cases. 36 ALR4th 1046.

See also the annotations in the Index to Annotations under Assault and Battery; Continuance and Adjournment; Evidence.

abuse of discretion resulting in prejudice to the accused. Under the facts of the case, the Court of Appeals found no abuse of discretion and no prejudice to defendant.

3. Refusal to give CJI 4:2:02(7) was not error. The instruction, which directs the jury to accept constructions of circumstantial evidence which indicate innocence when such constructions are reasonable, is only to be given when the circumstantial evidence against defendant is weak, or where there is no direct evidence. Here, the circumstantial evidence against defendant was strong.

4. The evidence was sufficient to convince the jury that defendant committed felonious assault and assault with intent to do great bodily harm less than murder and that defendant did not act in self-defense.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

A trial court must articulate on the record the factors considered in determining whether to permit a defendant to be impeached by prior convictions; failure to articulate its discretion on the record does not require reversal where it appears from the record that the trial court was aware of its discretion and the factors relevant to the exercise of that discretion (MRE 609[a][2]).

2. CRIMINAL LAW — TRIAL — CONTINUANCES — APPEAL.

The grant or denial of a continuance rests within the discretion of the trial court; reversal is mandated only upon an abuse of discretion resulting in prejudice to the accused; on appeal, the court must consider (1) whether defendant is asserting a constitutional right, (2) whether there is a legitimate reason for asserting the right, (3) whether defendant is guilty of negligence, (4) whether adjournments were at defendant's behest, and (5) whether prejudice will result to defendant.

3. CRIMINAL LAW — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — JURY INSTRUCTIONS.

The jury instruction that, if the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, the jury is duty bound to accept the construction indicating innocence is applicable only where the circumstantial evidence against the defendant is weak (CJI 4:2:02[7]).

4. EVIDENCE — SUFFICIENCY OF EVIDENCE — APPEAL.

In reviewing a claim that the prosecutor failed to present sufficient proofs to prove a defendant guilty beyond a reasonable

doubt, a court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements were established beyond a reasonable doubt.

5. CRIMINAL LAW — DEFENSES — SELF-DEFENSE — BURDEN OF PROOF.
The burden, when a defendant introduces evidence of self-defense, is on the prosecution to prove beyond a reasonable doubt that the defendant did not act in self-defense; the burden is not on the defendant to prove that he acted in self-defense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Barbara J. Safran,* for defendant on appeal.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

PER CURIAM. Following a jury trial, defendant was found guilty of assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279, felonious assault, MCL 750.82; MSA 28.277, two counts of failure to stop at the scene of a personal injury accident, MCL 257.619; MSA 9.2319, and one count of felonious driving, MCL 750.191; MSA 28.661. Defendant appeals as of right, asserting four bases for reversal of his convictions.

Defendant contends reversal is mandated because (1) the trial court failed to articulate its reasons for admitting evidence of defendant's prior felony convictions, (2) the trial court failed to grant defendant a continuance to permit defendant to obtain a different court-appointed attorney, (3) the trial court denied defendant's request that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

CJI 4:2:02(7) be read to the jury, and (4) there was insufficient evidence to convict defendant of felonious assault and assault with intent to commit great bodily harm less than murder. We find no error requiring reversal. We address defendant's claims seriatim.

Prior to trial, defense counsel informed the court that defendant intended to take the stand. Defense counsel moved to suppress evidence of defendant's prior convictions. Counsel informed the court that defendant had two 1983 receiving and concealing stolen property felony convictions and the following misdemeanor convictions: a 1982 conviction for receiving and concealing stolen property under $100, two 1983 joyriding convictions, 1981 convictions for larceny under $100 and attempted larceny under $100, a 1980 conspiracy to commit larceny under $100 conviction, and a 1975 simple larceny conviction. The trial court suppressed evidence of the misdemeanors but allowed admission of evidence of the felony convictions stating, "I'm going to let the two felonies come in."

MRE 609(a)(2) requires that the trial court articulate on the record the factors considered in determining whether to permit a defendant to be impeached with evidence of prior convictions. This Court has held that the failure of the trial court to articulate its discretion on the record does not require reversal where it appears from the record that the trial court was aware of its discretion and the factors relevant to the exercise of that discretion. *People v Cook,* 131 Mich App 796, 804; 347 NW2d 720 (1984), and *People v Dyson,* 106 Mich App 90, 98-99; 307 NW2d 739 (1981). See also *People v Handley,* 422 Mich 859 (1985), rev'g *People v Handley (On Remand),* 135 Mich App 51; 352 NW2d 343 (1985).

In exercising its discretion under MRE 609, the trial court must balance three factors: (1) whether the nature of the prior offense bears directly on credibility; (2) whether it is for substantially the same conduct for which the defendant is on trial; and (3) the necessity of defendant's taking the stand to present his defense. *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 273 (1978).

While we do not approve of the discretion exercised on the record in the instant case, we believe that the trial court was aware of its discretion as evidenced by suppression of evidence of defendant's prior convictions for joyriding and prior convictions for larceny offenses. Evidence of defendant's prior convictions for joyriding were not probative of credibility. Although evidence of the prior larceny convictions were probative of credibility and did not directly relate to a charge for which defendant was on trial, the res gestae of those crimes included defendant's intended larceny, theft of hubcaps. We decline to reverse.

Defendant next claims that he was denied his right to counsel when the trial court refused to grant a continuance, on the date set for trial, in order for defendant to secure different appointed counsel. Defendant contended that his counsel, who was appointed three days previously after defendant requested replacement of his initial court-appointed counsel, was not prepared to proceed with trial. The court inquired of counsel if counsel was prepared to go forward; counsel responded in the affirmative. Counsel further indicated that on the previous Friday defendant indicated to him that he wanted no adjournment and was ready to go to trial.

The grant or denial of a continuance rests within the discretion of the trial court. Reversal is mandated only upon an abuse of discretion result-

ing in prejudice to the accused. *People v Gross,* 118 Mich App 161; 324 NW2d 557 (1982). In reviewing this question, this Court must consider (1) whether defendant is asserting a constitutional right, (2) whether there is a legitimate reason for asserting the right, (3) whether defendant is guilty of negligence, (4) whether adjournments were at defendant's behest, and (5) whether prejudice will result to defendant. *People v Wilson,* 397 Mich 76, 81; 243 NW2d 257 (1976), reh den 397 Mich 962 (1976).

Defendant properly contends that he is asserting his constitutional right to effective assistance of counsel. However, this Court views with skepticism a defendant's repeated claims that successive counsel were unprepared to proceed. *People v Taylor,* 110 Mich App 823; 314 NW2d 498 (1981). Because defendant informed his counsel the previous Friday that he was ready to go to trial on Monday, and did not want an adjournment, any lack of proper trial preparation was partly a result of defendant's negligence. We find no abuse of discretion in the trial court's denial of a continuance. Any abuse of discretion notwithstanding, our review of the record reveals that defendant was represented in a very capable fashion.

Defendant claims that the trial court erred in refusing to give CJI 4:2:02(7), which provides that, "[i]f the direct and circumstantial evidence, taken together, is open to reasonable constructions, one indicating guilt and the other innocence, it is your duty to accept the construction indicating innocence."

Use of the instruction at issue is properly confined to cases where the circumstantial evidence against defendant is weak. *People v Freeland,* 101 Mich App 501; 300 NW2d 616 (1980), lv den 417 Mich 963 (1983). Where there is direct evidence of

guilt or where there is, as here, strong circumstantial evidence of guilt, a request for the instruction is properly denied. *People v Hatch,* 126 Mich App 399, 404; 337 NW2d 79 (1983); *People v Reese,* 126 Mich App 132, 136; 337 NW2d 7 (1983). We find no error in the trial court's refusal to give the instruction in the instant case.

Defendant's claim that the prosecutor failed to present sufficient evidence to convict him of felonious assault and assault with intent to do great bodily harm less than murder lacks merit. The defendant contends that the prosecutor failed to prove beyond a reasonable doubt that the two felony assaults with which he was charged were not committed in self-defense.

In reviewing a claim that the prosecutor failed to present sufficient proofs to prove a defendant guilty beyond a reasonable doubt, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements were established beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). When a defendant introduces evidence of self-defense, the prosecution bears the burden of excluding the possibility that the defendant acted in self-defense. *People v Norwood,* 123 Mich App 287, 296; 333 NW2d 255 (1983), lv den 417 Mich 1006 (1983).

In the present case there was ample evidence from which the jury could conclude that the prosecution had met its burden of excluding the possibility that defendant acted in self-defense. With regard to both assaults, the prosecution introduced evidence showing that defendant was not in danger of death or serious bodily injury and that he used an unreasonable amount of force.

Affirmed.