PEOPLE v ROBERT JOHNSON

PEOPLE v MICHAEL JOHNSON

Docket No. 92195, 92520. Submitted December 14, 1987, at Lansing. Decided March 9, 1988.

Robert A. Johnson and Michael D. Johnson were each convicted of entering, without breaking, a dwelling with intent to commit larceny following a joint jury trial in Genesee Circuit Court, Earl E. Borradaile, J. Following the jury's verdicts, Robert A. Johnson pled guilty to being an habitual offender, fourth offense, and Michael D. Johnson pled guilty to being an habitual offender, third offense. Defendants' separate appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The trial court did not err in denying defendants' motions for directed verdicts. Taking the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that defendants broke into and entered the victim's home with intent to commit larceny.

2. The trial court erred in denying defendant Robert A. Johnson's motion to suppress evidence of his four prior convictions of felonies involving theft. On balance, the prejudicial effect of this evidence outweighed its probative value. The trial court's error was not harmless since the only evidence against defendants was the victim's testimony, and defendants' testimony contradicting the victim's testimony was not incredible.

3. The trial court did not err in admitting the hearsay testimony of a police officer regarding defendant Michael D. Johnson's statement that defendant Robert A. Johnson had helped him replace the stereo equipment in the victim's house.

REFERENCES

Am Jur 2d, Criminal Law §§ 938, 957.

Am Jur 2d, Evidence §§ 327, 1175.

Am Jur 2d, Trial §§ 623, 928, 929.

Use or admissibility of prior inconsistent statements of witness as substantive evidence of facts to which they relate in criminal case —modern state cases. 30 ALR4th 414.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

The testimony was used to rebut defendant Robert A. Johnson's testimony that he had never entered the victim's house. In view of the fact that defendant Michael D. Johnson elected to testify and be subject to cross-examination, the admission of the hearsay testimony resulted in no violation of defendant Michael D. Johnson's Fifth Amendment right to refrain from testifying or defendant Robert A. Johnson's Sixth Amendment right to cross-examine witnesses against him.

4. Contrary to defendant Michael D. Johnson's claims, the trial court did not err in not rereading the entire jury instructions when the jury asked the trial court to reread instructions on the burden of proof and the elements of the crime. Defendant Michael D. Johnson's counsel expressly approved the trial court's response to the jury's questions, and the instruction itself was accurate.

Affirmed as to defendant Michael D. Johnson. Reversed and remanded for a new trial as to defendant Robert A. Johnson.

1. EVIDENCE — CRIMINAL LAW — PRIOR CONVICTIONS — IMPEACH-MENT.

Evidence of prior convictions of crimes having an element of dishonesty or false statement is admissible for the purpose of attacking the credibility of a witness; evidence of crimes containing an element of theft is admissible only if the crimes are punishable by imprisonment in excess of one year and, if the witness is the defendant, the probative value of the evidence of such crimes outweighs its prejudicial effect; for purposes of determining probativeness, only an objective analysis of the degree to which the crime is indicative of veracity and the age of the conviction should be considered; for purposes of determining prejudice, only the similarity to the charged offense and the importance of defendant's testimony to the decisional process should be considered (MRE 609[a]).

2. CRIMINAL LAW — JOINT TRIALS — CONSTITUTIONAL LAW.

In a joint trial involving two defendants, the admission of hearsay evidence of a statement made by one defendant which rebuts the other defendant's testimony results in no violation of the first defendant's Fifth Amendment right to refrain from testifying and the second defendant's Sixth Amendment right to cross-examine witnesses against him where the first defendant elects to take the stand and be subject to cross-examination (US Const, Am V and VI).

3. CRIMINAL LAW — JURY INSTRUCTIONS — SUPPLEMENTAL INSTRUC-TIONS.

Error does not result from a trial court's failure to reread

instructions as previously given where the supplemental instructions are accurate and are expressly approved by defense counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for defendant Robert A. Johnson.

*Edwards & Associates, P.C.* (by *F. Anthony Edwards II*), for defendant Michael D. Johnson.

Before: H. Hood, P.J., and Sawyer and T. E. Jackson,* JJ.

Per Curiam. Defendants Michael David Johnson and Robert A. Johnson, brothers, were jointly charged with breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305. Following a joint jury trial, they were convicted of the lesser included offense of entering without breaking with intent to commit larceny, MCL 750.111; MSA 28.306. Following the verdicts, Michael pled guilty to being a third-offense habitual offender, and Robert pled guilty to being a fourth-offense habitual offender. The court sentenced Michael to eighty to one hundred twenty months imprisonment, and Robert to seventy-eight to one hundred twenty months. Both were given credit for time served. Defendants now appeal as of right, and their appeals have been consolidated.

The victim, Marvin Hayes, testified that he returned home from a weekend trip to Columbus,

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Ohio, at approximately 11:00 P.M. on August 19, 1985. As he pulled up in his driveway, he saw Michael's car parked five feet from his back door. Michael came out the back door, and, upon seeing Hayes, stated, "Did you see the robbers? Somebody's trying to rip you off." Hayes saw his stereo, speakers, equalizer, and his wife's jewelry box stacked by the kitchen door. Moments later, defendant Robert came from the side of the house with a flashlight. Hayes testified that he had left his house locked, but a hard shove or kick could unlock the door, and that Michael knew this.

Michael testified that he and Robert went to Hayes' house to pick up Michael's paycheck, which was payment for some painting Michael had done for Hayes. Hayes normally paid Michael on Friday, but on this particular weekend Hayes had told Michael he would be out of town until Sunday night or Monday. Michael testified that, upon arriving at Hayes' house, they saw three men running in the yard. He drove his car into the backyard to investigate, and Robert unsuccessfully chased the men. At this point, Hayes arrived home. Robert's testimony corroborated that of Michael.

Officer Richard Aro testified that no fingerprints were found on the items, as most of the items were wood, and fingerprints do not adhere to wooden objects.

On appeal, both defendants first claim that the trial court erred in denying their motion for directed verdict. We disagree. Taking the evidence in a light most favorable to the prosecutor, we find that a rational trier of fact could find that defendants broke into and entered Hayes' home with intent to commit larceny. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980).

Next, defendant Robert claims that the court erred in allowing his impeachment through the use of evidence of four prior felony convictions, a 1977 conviction for breaking and entering an occupied dwelling with intent to commit larceny, a 1977 conviction for attempted breaking and entering an unoccupied dwelling with intent to commit larceny, a 1978 conviction for breaking and entering an unoccupied dwelling with intent to commit larceny, and a 1984 conviction for attempted larceny over $100. Before trial, Robert moved to suppress the convictions, but the court denied the motion.

MRE 609(a) states:

> (a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if
>
> (1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and
>
> (2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination.

The Michigan Supreme Court recently decided *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988), in which the Court amended MRE 609(a). The amended version of MRE 609(a) provides that all crimes containing an element of dishonesty or false statement are admissible to impeach the credibility of a witness, but that crimes containing an element of theft are admissible only if the

crimes are punishable by imprisonment in excess of one year and, if the witness is the defendant, the probative value of the evidence outweighs its prejudicial effect. *Allen, supra,* p 614. The Court then set forth the proper factors to be considered by trial courts when balancing the probativeness of prior felony theft convictions against the prejudice. Although the Court stated that the amendment to MRE 609(a) shall apply only after March 1, 1988, the Court held that the clarified balancing test for probativeness and prejudice is to apply to cases pending on appeal in which the issue of impeachment by prior convictions under MRE 609(a) has been raised and preserved. *Allen, supra,* p 609. Since this is such a case, the clarified balancing test applies to the instant case.

The clarified balancing test provides that, in determining probativeness, only an objective analysis of the degree to which the crime is indicative of veracity and the age of the conviction should be considered. *Allen, supra,* p 606. For purposes of the prejudice factor, only the similarity to the charged offense and the importance of defendant's testimony to the decisional process should be considered. *Id.*

In the instant case, all the prior convictions were for theft offenses. Theft offenses are not directly probative of veracity, but only moderately so. *Allen, supra,* p 610. Two of the convictions were eight years old at the time of trial; one was seven years old, and one was a year old. Thus, all but one are not of recent vintage. Therefore, the probativeness side of the equation is relatively weak. On the prejudice side, we note that all the convictions were for similar crimes and that defendant's testimony was very important to his defense, as without his testimony the jury would have heard only Hayes' version of the events. On

balance, we feel the prejudicial effect of the evidence of the prior felony convictions outweighed its probativeness and that the court thus erred in denying defendant's motion to suppress. We note, in addition, that defendant Robert was impeached by the testimony of Officer Aro, who, on rebuttal, testified to prior inconsistent statements made by Robert. Thus, the necessity of using defendant's felony convictions for impeachment is lessened, as he was impeached in another manner.

According to *Allen,* improper admission of prior convictions for impeachment can be harmless error. *Allen, supra,* p 612. However, we do not feel it was harmless in the instant case. The evidence against defendants was not overwhelming. There were no eyewitnesses to the crime, and no fingerprints. Hayes' testimony, that he arrived home and discovered defendants in his backyard and some of his possessions stacked by his back door, was the only evidence against defendants. Defendants' story, that they went to Hayes' home to pick up a check and discovered three men at Hayes' home, was not incredible. The error was further compounded by the prosecutor's referral to Robert as an "experienced b & e man" in his closing argument. Thus, we find the error not to be harmless, and reverse Robert's conviction and remand for a new trial.

Since we reverse Robert's conviction on this issue, we need only briefly address Robert's remaining issue, which may resurface upon retrial. We disagree with Robert's claim that the court erred in admitting Officer Aro's hearsay testimony regarding Michael's statement to him that Robert had helped him replace the stereo equipment in Hayes' house. This testimony was admitted to rebut Robert's testimony that he had never en-

tered Hayes' home. Robert claims this statement was inadmissible under *Bruton v United States,* 391 US 123, 126; 88 S Ct 1620; 20 L Ed 2d 476 (1968). In *Bruton,* the confession of a codefendant, Evans, who did not testify at trial, was read into evidence at the trial, and the confession implicated the other defendant, Bruton. The jury convicted both Evans and Bruton. The Court reversed Bruton's conviction, finding that Bruton was denied his right to cross examine Evans on the statement. *Bruton, supra,* 391 US 124-125. The *Bruton* case involved a conflict between Evans' Fifth Amendment right to refrain from testifying and Bruton's Sixth Amendment rights under the Confrontation Clause to cross-examine his accuser. Obviously, the *Bruton* principle is inapplicable where the codefendant elects to take the stand and be subject to cross-examination. In the instant case, Michael was available for cross-examination and, in fact, did deny telling Aro that Robert had helped him replace the stereo equipment before Hayes' arrival. There is thus no *Bruton* error, and no basis for reversal.

Finally, we reject Michael's claim that the court erred in not rereading the entire jury instructions when the jury asked the court to reread instructions on the burden of proof and the elements of the crime. Michael's counsel expressly approved the court's response to the jury's questions, and the instruction itself was accurate. *People v Darwall,* 82 Mich App 652, 663; 267 NW2d 472 (1978), lv den sub nom *People v Farmer,* 409 Mich 918 (1980).

Michael's conviction is affirmed. Robert's conviction is reversed and remanded for a new trial in accordance with this opinion.