PEOPLE v BARTLETT

Docket No. 124279. Submitted October 14, 1992, at Lansing. Decided November 17, 1992, at 9:30 A.M.

Benjamin E. Bartlett was convicted by a jury in the Ingham Circuit Court, James R. Giddings, J., of two counts of delivery of less than fifty grams of cocaine. He was sentenced to two concurrent terms of three to twenty years' imprisonment. He appealed, alleging violation of the constitutional prohibition against double jeopardy, contending that the court erred in denying his motion for a directed verdict with regard to one of the charges because the evidence was sufficient to show only one transaction.

The Court of Appeals *held:*

1. Although the deliveries were close in time, the defendant sold each of two undercover police ·officers different amounts of crack cocaine, separately bargained and paid for. The Legislature intended that, under the circumstances of cases such as this, the defendant be subject to prosecution for each delivery as a separate offense.

2. The trial court did not abuse its discretion in admitting evidence of the defendant's prior conviction of breaking and entering after determining that the probative value outweighed the prejudicial effect. If error occurred, it was harmless, given the overwhelming evidence of the defendant's guilt.

Affirmed.

1. CONTROLLED SUBSTANCES — DOUBLE JEOPARDY — DELIVERY OF NARCOTICS.

To determine whether two convictions for deliveries of controlled substances violate the prohibition against double jeopardy, a court should consider whether the deliveries were separately bargained and paid for, and whether the second delivery was at the same time as the first (US Const, Am V; Const 1963, art 1, § 15).

REFERENCES

Am Jur 2d, Criminal Law § 277; Drugs §§ 40, 48; Evidence §§ 321-328.

See the ALR Index under Drugs and Narcotics; Evidence; Prior Offenses and Convictions.

2. Criminal Law — Evidence — Prior Convictions — Impeach-
   ment — Harmless Error.
   A trial court's decision to allow impeachment of a defendant by
   evidence of a prior conviction will not be reversed on appeal
   where no abuse of the court's discretion is shown; the improper
   admission of the evidence is harmless where there is over-
   whelming evidence of the defendant's guilt.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prose- cuting Attorney, *Samuel R. Smith,* Chief Appellate Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the people.

*Stiles & Associates,* (by *Charles R. Stiles*), for the defendant.

Before: Murphy, P.J., and Gribbs and Fitzger- ald, JJ.

Murphy, P.J. Defendant was convicted after a jury trial of two counts of delivery of less than fifty grams of cocaine, MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv). He was sentenced to two concurrent terms of three to twenty years' imprisonment. Defendant appeals, and we affirm.

On May 3, 1989, defendant sold crack cocaine to two undercover police officers. The officers were riding in a car when defendant called to them from a street corner and asked if the officers were looking for anything. One officer replied that he was looking for a "twenty," meaning a rock of cocaine worth twenty dollars. Defendant showed the officers several rocks of cocaine for different prices. After some negotiation, defendant sold a large rock of cocaine to one officer for forty dollars. Defendant then sold a smaller rock to the other officer for twenty dollars.

Defendant contends that the trial court erred in denying his motion for a directed verdict with

regard to one of the delivery charges because the evidence was sufficient to show only one transaction. When reviewing a challenge of the sufficiency of the evidence presented at trial, we view the evidence in the light most favorable to the nonmovant and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268; 380 NW2d 11 (1985); *People v Vaughn,* 186 Mich App 376, 379; 465 NW2d 365 (1990).

Defendant's argument is essentially one of double jeopardy. The United States and Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15. This includes protection from both successive prosecutions for the same offense and from receiving multiple punishments for the same offense. *People v Bewersdorf,* 438 Mich 55, 72; 475 NW2d 231 (1991); *People v Sturgis,* 427 Mich 392, 398-399; 397 NW2d 783 (1986). Whether a defendant has received multiple punishments for the same offense is determined by looking to the legislative intent behind the statutes violated. *People v Robideau,* 419 Mich 458, 485; 355 NW2d 592 (1984); *People v Kaczorowski,* 190 Mich App 165, 169; 475 NW2d 861 (1991). That is, whether a defendant may be convicted twice depends upon whether the Legislature intended that two convictions might result under the statute in question under the circumstances of that case. See *People v Wakeford,* 418 Mich 95, 111; 341 NW2d 68 (1983).

In this case, we must determine whether MCL 333.7401; MSA 14.15(7401) permits multiple convictions and punishments under the circumstances of this case. We hold that it does. MCL 333.7401; MSA 14.15(7401) prohibits a person from deliver-

ing a controlled substance. Delivery is defined in MCL 333.7105(1); MSA 14.15(7105)(1), in pertinent part, as the actual, constructive, or attempted transfer from one person to another of a controlled substance.

In resolving defendant's double jeopardy challenge, we look to whether the deliveries were separately bargained for and separately paid for and to whether the second delivery was at the same time as the first. See *People v Miller,* 182 Mich App 482, 484; 453 NW2d 269 (1990). In this case, the evidence demonstrated that although the deliveries were close in time, defendant sold two separate amounts of crack cocaine to the two officers separately and that the cocaine rocks were separately bargained for and paid for. We conclude that, under the circumstances of this case, the Legislature intended that defendant be subject to prosecution for each delivery as a separate offense. The trial court therefore did not err in denying defendant's motion for a directed verdict.

Defendant further contends that the trial court improperly admitted evidence pursuant to MRE 609 regarding his prior conviction of breaking and entering. MRE 609 provides:

> (a) General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross examination, and
>
> (1) The crime contained an element of dishonesty or false statement, or
>
> (2) The crime contained an element of theft, and
>
> (A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and
>
> (B) the court determines that the evidence has

significant probative value on the issue of credibil-
ity and, if the witness is the defendant in a crimi-
nal trial, the court further determines that the
probative value of the evidence outweighs its prej-
udicial effect.

(b) Determining probative value and prejudicial
effect. For purposes of the probative value determi-
nation required by subrule (a)(2)(B), the court shall
consider only the age of the conviction and the
degree to which a conviction of the crime is indica-
tive of veracity. If a determination of prejudicial
effect is required, the court shall consider only the
conviction's similarity to the charged offense and
the possible effects on the decisional process if
admitting the evidence causes the defendant to
elect not to testify. The court must articulate, on
the record, the analysis of each factor.

Crimes of dishonesty or false statement are
directly probative of truthfulness, and are there-
fore admissible under MRE 609(a)(1) without con-
sideration of the balancing test of MRE 609(a)(2)
(B). *People v Allen,* 429 Mich 558, 593-594; 420
NW2d 499 (1988), amended and reh den sub nom
*People v Pedrin,* 429 Mich 1216 (1988). Crimes of
theft are minimally probative and are therefore
admissible only if the probative value outweighs
the prejudicial effect as determined under the
balancing test of MRE 609(a)(2)(B). *Allen,* 595.

We will not reverse a trial court's decision to
allow impeachment by evidence of a prior convic-
tion absent an abuse of discretion. *People v Hicks,*
185 Mich App 107, 110; 460 NW2d 569 (1990).
Further, even where the introduction of evidence
of a prior conviction is improper, the error is
harmless in a case where there is overwhelming
evidence of guilt. *Allen, supra,* 611-612, 644.

In this case, the prior conviction of breaking and
entering involved theft and was therefore mini-
mally probative. The prior conviction was less

than two years old, however, adding to the probative value. In addition, the prior conviction was dissimilar to the charged offense, and therefore of reduced prejudicial effect. See MRE 609(b). Although there may have been some chilling effect on defendant's choice to testify, and some prejudice arising from defendant's impeachment with this evidence, we cannot say that the trial court abused its discretion in determining that the probative value outweighed the prejudice. Moreover, any error in permitting the introduction of evidence of the prior conviction was harmless given the overwhelming evidence of guilt in this case. *Allen, supra,* 611-612, 644.

Affirmed.