PEOPLE v McDANIEL

Docket No. 235094. Submitted February 5, 2003, at Lansing. Decided February 21, 2003, approved for publication April 8, 2003, at 9:00 A.M.

Derrick D. McDaniel was convicted by a jury in the Ingham Circuit Court, Thomas L. Brown, J., of first-degree retail fraud after the defendant fraudulently returned merchandise he never purchased for a cash refund. The defendant appealed, arguing that evidence of his prior convictions was improperly admitted during trial, that the trial court failed to give an instruction requested by the defendant, and that the trial court misscored offense variable (OV) 13 of the sentencing guidelines in determining his sentence.

The Court of Appeals held:

1. A witness's credibility may be impeached with prior convictions if the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect. MRE 609; MCL 600.2159. Although the trial court erred when it failed to articulate on the record its findings with regard to the evidence, the error does not require reversal inasmuch as the court was aware of its discretion and the factors relevant to the exercise of that discretion.

2. Even if the trial court erred in failing to articulate its findings, or in admitting evidence of the prior convictions, the error was harmless and does not require reversal because the defendant has not demonstrated prejudice. There was sufficient evidence (eyewitness testimony and video surveillance) establishing the defendant's guilt independent of the error, and the defendant failed to demonstrate error affecting the reliability of the verdict in light of the overwhelming evidence of guilt.

3. The trial court did not err in failing to give the jury instruction requested by the defendant regarding his theory of the case, because the instruction was not supported by the evidence and would have led to confusion of the issues. The defendant testified regarding his theory that the instant charge resulted from a misunderstanding between the defendant and store employees, and the instructions given allowed the jury to accurately decide the case by focusing on the requisite proof of intent.

4. The phrase "within a 5-year period," as used in the scoring instructions for OV 13, MCL 777.43(2)(a), clearly instructs that a sentencing court take into consideration three or more crimes that occurred within any five-year period, not just the five-year period immediately preceding the sentencing offense. Thus, the trial court did not err in scoring OV 13 at ten points because there was a five-year period in which the defendant was convicted of three crimes.

Affirmed.

DONOFRIO, J., concurring in part and dissenting in part, stated that he would affirm the defendant's conviction for the same reasons as the majority, but would remand the case for correction of the guidelines scoring and resentencing. The phrase "within a 5-year period" as used in the scoring instructions for OV 13, MCL 777.43(2)(a), can only be interpreted to mean the five-year period immediately preceding the sentencing offense and including the sentencing offense. Because the defendant's criminal record did not reveal three or more felonies occurring within the five-year period immediately before the sentencing offense, the trial court erred in scoring OV 13 at ten points.

SENTENCES — SENTENCING GUIDELINES — SCORING.

The phrase "within a 5-year period," as used in the instructions for scoring the sentencing guidelines offense variable relating to continuing pattern of criminal behavior, allows a sentencing court to take into consideration three or more crime occurring within any five-year period, not just the five-year period immediately preceding the sentencing offense (MCL 777.43[2][a]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Stuart J. Dunnings, III*, Prosecuting Attorney, *Guy L. Sweet*, Appeals Division Chief, and *Eric M. Matteo*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Deborah W. Keene*) for the defendant.

Before: SAWYER, P.J., and JANSEN and DONOFRIO, JJ.

SAWYER, P.J. Following a jury trial, defendant Derrick D. McDaniel was convicted of first-degree retail fraud, MCL 750.356c, and sentenced as a fourth-

offense habitual offender, MCL 769.12, to four to twenty years' imprisonment. He appeals as of right. We affirm.

Defendant first argues the trial court erred in admitting evidence of his prior larceny convictions because the similarity between the prior convictions and the present conviction was such that the evidence was more prejudicial than probative. We disagree.

Ordinarily, the decision whether a prior conviction that involves a theft component may be used to impeach a defendant is within the trial court's discretion and will not be reversed absent an abuse of that discretion. MRE 609; *People v Allen*, 429 Mich 558, 605-606; 420 NW2d 499 (1988), amended and reh den sub nom *People v Pedrin*, 429 Mich 1216 (1988); *People v Coleman*, 210 Mich App 1, 6; 532 NW2d 885 (1995). "An abuse of discretion occurs 'when the result is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but [the] defiance [of it] . . . ." ' " *People v Hine*, 467 Mich 242, 250; 650 NW2d 659 (2002), quoting *Dep't of Transportation v Randolph*, 461 Mich 757, 768; 610 NW2d 893 (2000).

A witness's credibility may be impeached with prior convictions, MCL 600.2159, but only if the convictions satisfy the criteria set forth in MRE 609, which require a determination that "the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs the prejudicial effect." MRE

609; *People v Nelson*, 234 Mich App 454, 460; 594 NW2d 114 (1999).

Notwithstanding the lower court's evident familiarity with the MRE 609 analysis, the court committed error by failing to articulate its findings on the record. However, this, without more, does not require reversal where it appears from the record that the court was aware of its discretion and the factors relevant to the exercise of that discretion. *People v Bell*, 155 Mich App 408, 411; 399 NW2d 542 (1986); *People v Eggleston*, 148 Mich App 494, 502-503; 384 NW2d 811 (1986).

Moreover, even if the trial court committed error in failing to articulate its specific MRE 609 analysis, or in admitting the prior convictions, the error was harmless and does not require reversal because defendant has not demonstrated prejudice. *People v Mateo*, 453 Mich 203, 210, 212; 551 NW2d 891 (1996); *Allen, supra* at 612. Whether a preserved nonconstitutional error is harmless depends on the nature of the error and its effect on the reliability of the verdict in light of the weight of the untainted evidence. *People v Whittaker*, 465 Mich 422, 427; 635 NW2d 687 (2001). The error is presumed harmless, and the defendant bears the burden of showing that the error resulted in a miscarriage of justice. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999); *People v Lukity*, 460 Mich 484, 493-494; 596 NW2d 607 (1999).

Here, there was sufficient evidence establishing defendant's guilt independent of the error. It is well settled that circumstantial evidence and the reasonable inferences that arise from the evidence can constitute satisfactory proof of the elements of the crime. *Carines, supra* at 757. Similarly, it is also well settled that reasonable inferences may be drawn from estab-

lished facts. *People v Wilson*, 107 Mich App 470, 474; 309 NW2d 584 (1981). Eyewitness and video-surveillance evidence established that defendant: (1) returned to the store without the printer he had purchased, (2) retrieved a second pre-positioned printer from the photo-shop counter, (3) verbally informed the courtesy clerk that he wanted a cash refund, (4) filled out a receipt requesting a refund, (5) provided false information on the receipt, and (6) presented the second printer to the courtesy clerk to effect the refund. This overwhelming evidence was sufficient to support defendant's conviction independent of any error in admitting the prior convictions. See *People v Robert Johnson*, 167 Mich App 168, 174; 421 NW2d 617 (1988). Defendant failed to demonstrate error affecting the reliability of the verdict in light of the overwhelming evidence of guilt. *Whittaker, supra* at 427; *People v Bartlett*, 197 Mich App 15, 19-20; 494 NW2d 776 (1992).

Defendant also argues that evidence at trial supported his request to include a CJI2d 6.4 instruction based on his theory that the instant charges resulted from a misunderstanding between defendant and Meijer employees who thought he was attempting to fraudulently return the second printer for cash. We disagree.

Generally, a trial court is required to instruct the jury on the applicable law and fully and fairly present the case to the jury in an understandable manner. *People v Rodriguez*, 463 Mich 466, 472-473; 620 NW2d 13 (2000). Jury instructions are crafted to permit the fact-finder to correctly and intelligently decide the case. *People v Burns*, 250 Mich App 436, 440; 647 NW2d 515 (2002). Thus, they should include not only

all the elements of the charged offense, but also
material issues, defenses, and theories where sup-
ported by the evidence. *Id.* The trial court is required
to give a defendant's requested instruction when the
instruction concerns his theory and is supported by
the evidence. *Rodriguez, supra* at 472-473. Even if
somewhat imperfect, jury instructions do not create
error if they fairly present the issues to be tried and
sufficiently protect the defendant's rights. *People v
Aldrich,* 246 Mich App 101, 124; 631 NW2d 67 (2001).
Where a requested instruction is not given, the defen-
dant bears the burden of establishing that the trial
court's failure to give the instruction constituted a
miscarriage of justice. MCL 769.26; *Rodriguez, supra*
at 473-474; *Lukity, supra* at 493-494.

In the instant case, the instruction was not sup-
ported by the evidence and would have led to confu-
sion of the issues. Defendant testified regarding his
theory of misunderstanding, which, if believed, would
have allowed the jury to acquit regardless of the fail-
ure to instruct on CJI2d 6.4. The instructions, as
given, adequately reflected the law and allowed the
jurors to accurately decide the case by focusing on
the requisite proof of intent. They were also
instructed that the prosecution must prove that defen-
dant intended to defraud or cheat the store, thus
implying that *if* they believed defendant acted out of
a mistake or misunderstanding, *that it was not his
intent to defraud,* he could be acquitted. Defendant's
theory was before the court, and the presumption is
that the jurors followed the court's instructions. *Peo-
ple v Graves,* 458 Mich 476, 486; 581 NW2d 229
(1998). When viewed in their totality, the jury instruc-
tions fairly presented the issues to be tried and suffi-

ciently protected the defendant's rights. *Aldrich,
supra* at 124.

Defendant's final argument challenges the scoring
of the guidelines on the basis that the trial court miss-
cored offense variable 13 (OV 13) regarding his first-
degree retail fraud conviction. Defendant's failure to
properly raise this issue in the trial court presents
this Court with unpreserved, constitutional error sub-
ject to harmless-error analysis; that is, a review for
plain error affecting substantial rights. *Carines, supra*
at 764-766; *People v Taylor*, 245 Mich App 293, 304;
628 NW2d 55 (2001). To avoid forfeiture under the
plain-error rule, defendant must establish that: (1)
error occurred, (2) the error was clear and obvious,
and (3) the plain error affected his substantial rights,
in that the error affected the outcome of the lower-
court proceedings. *Carines, supra* at 765. "Reversal is
warranted only when the plain, forfeited error
resulted in the conviction of an actually innocent
defendant or when an error ' "seriously affect[ed] the
fairness, integrity or public reputation of judicial pro-
ceedings" independent of the defendant's inno-
cence.' " *Id.* at 763, quoting *United States v Olano*,
507 US 725, 736-737; 113 S Ct 1770; 123 L Ed 2d 508
(1993).

Generally, the offense variable factors of the guide-
lines' calculations address the circumstances of the
crime for which the defendant is sentenced. Defen-
dant was convicted of first-degree retail fraud, a class
E felony against property, which requires scoring
OV 13, continuing pattern of criminal behavior. MCL
777.16r; MCL 777.22(2); MCL 777.43(1). In scoring
OV 13, the court is required to score ten points where
"[t]he offense was part of a pattern of felonious crimi-

nal activity involving 3 or more crimes against a person or property." MCL 777.43(1)(c). At issue is the interpretation of the scoring instructions in subsection 43(2)(a):

> For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction.

Defendant asserts, without authority or analysis, that this provision requires the sentencing court to examine the five-year period immediately preceding the offense. The prosecutor, on the other hand, argues that *any* five-year period may be utilized. We agree with the prosecutor's interpretation.

If the plain and ordinary meaning of the statutory language is clear, judicial construction is normally neither necessary nor permitted. *People v Philabaun*, 461 Mich 255, 261; 602 NW2d 371 (1999). Unless defined in the statute, every word or phrase of the statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. *People v Disimone*, 251 Mich App 605, 610; 650 NW2d 436 (2002).

The statute clearly refers to "a 5-year period." The use of the indefinite article "a" reflects that no particular period is referred to in the statute. Had the Legislature intended the meaning defendant assumes, the statute would refer to "the 5-year period immediately preceding the sentencing offense." Instead, the phrase "including the sentencing offense" modifies "all crimes." That is, the sentencing offense *may* be counted as one of the three crimes in *a* five-year period. That does not, however, preclude considera-

tion of a five-year period that does not include the sentencing offense.

In the case at bar, there is a five-year period in which defendant was convicted of a combination of three felonies involving crimes against both persons and property: his conviction for an October 16, 1984, unarmed robbery; his conviction for an August 4, 1988, retail fraud; and his conviction for a March 21, 1989, attempted larceny in a building.

Affirmed.

JANSEN, J., concurred.

DONOFRIO, J. (*dissenting*). I concur in part and respectfully dissent in part. I would affirm defendant Derrick D. McDaniel's conviction for the same reasons as the majority; however, I would remand the case to the trial court for resentencing.

Defendant raises a challenge to the scoring of his sentence under the sentencing guidelines. Defendant argues that the trial court misscored offense variable 13 (OV 13) regarding his first-degree retail fraud conviction. First-degree retail fraud is a class E felony against property, requiring scoring of OV 13, continuing pattern of criminal behavior. MCL 777.16r; MCL 777.22(2); MCL 777.43(1). In scoring OV 13, the court is required to score ten points where "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person or property." MCL 777.43(c). The statute allows consideration of "all crimes within a 5-year period, including the sentencing offense . . . regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

I believe that defendant was incorrectly scored under subsection MCL 777.43(c). The majority agrees

with the prosecutor's interpretation of the statute and asserts that "[t]he use of the indefinite article 'a' reflects that no particular period is referred to in the statute." I disagree. The language at issue states that "all crimes within a 5-year period, *including the sentencing offense,* shall be counted." MCL 777.43(2)(a) (emphasis added). Because the word "shall" is used, I find it is impossible for any five-year period that does not include the sentencing offense to be considered. Contrary to the majority's interpretation of the statute, my reading of the statutory language clearly precludes consideration of a five-year period that does not include the sentencing offense. Crimes outside the five-year period contemplated are already considered in the prior record variables.

My review of defendant's criminal record does not indicate *any* three or more felonies occurring within the immediate five-year period; thus, scoring ten points was inappropriate. This scoring error resulted in an elevated guidelines recommendation. MCL 777.21(3)(c); MCL 777.66.

I believe that defendant has established error that resulted in his incarceration beyond the appropriate minimum range under the guidelines, and I would remand for correction of the guidelines scoring error and resentencing.