**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED NOVEMBER 21, 2001**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                                    No. 115917

JAMES ELBERT WHITTAKER,
also known as
JAMES EDWARD WHITTAKER,

    Defendant-Appellee.

_____

PER CURIAM

The defendant was found guilty by a jury of possession of cocaine with intent to deliver. However, the Court of Appeals reversed and remanded for a new trial. It found an abuse of discretion in the trial court's decision to admit evidence of defendant's prior delivery of cocaine and that the error more probably than not affected the jury's verdict. We conclude that even if the evidence was improperly admitted, the defendant did not meet his burden of demonstrating that the error undermined the reliability of the verdict. We therefore

reverse, and remand the case to the Court of Appeals for consideration of other issues.

I

On about November 5, 1996, a confidential informant bought cocaine from Mack Whittaker, defendant's cousin, at defendant's residence. On the bases of this purchase and other information Officer McLaughlin received, he sought and obtained a search warrant for defendant's residence. The search warrant was executed on November 7, 1996.

Officer McLaughlin searched the back yard and the base of the outside of the house. He saw some protruding vinyl siding. Because the siding was protruding, and because he had received information that the cocaine was being stored in the house's siding, he investigated and found a bag that contained thirty-two plastic Baggies containing rock cocaine. He estimated that the value of the cocaine was $6,000. Considering the amount and the way the cocaine was packaged, he concluded that the cocaine was intended for delivery, rather than personal use.

Defendant and a child were the only persons in the house at the time of the search. The only mail in the house was addressed to defendant. The police found $725 in cash under the fitted sheet on the bed where defendant had been sitting.

After the evidence had been seized, an officer read

2

defendant his *Miranda*[1] rights.  Defendant said that he wanted a lawyer.  After defendant's girlfriend arrived, defendant told the officer repeatedly that she had nothing to do with the drugs.  Defendant asked what would happen and was told that they would both be arrested.  The defendant then admitted that the drugs belonged to him.

Over defense objection, a police officer was permitted to testify regarding a drug sale by the defendant in 1992 that led to the defendant's conviction of a drug offense.

The defendant testified at trial, denying that the drugs were his, that he was selling drugs from the house, or that he knew the drugs were there.  The jury found him guilty of the charged offense of possession of between 50 and 225 grams of cocaine with intent to deliver, and he was sentenced to ten to forty years in prison.[2]

II

The defendant appealed, raising several issues, including a challenge to the admission of the evidence regarding his prior drug activity.  The Court of Appeals found admission of that evidence to be error under *People v Crawford*, 458 Mich 376; 582 NW2d 785 (1998).[3]  It concluded that, as in *Crawford*,

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] The maximum sentence for the offense was increased because of the defendant's prior conviction.  MCL 333.7413(3).

[3] Unpublished opinion per curiam, issued November 9, 1999 (Docket No. 208360).

the evidence regarding defendant's 1992 offense was not probative of anything other than his propensity to commit the crime.

The Court of Appeals also rejected the prosecutor's argument that the error was not prejudicial. After noting the harmless error standard for a preserved nonconstitutional error established in *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999), the Court concluded that it was more probable than not that the error was outcome determinative. It explained:

> There was no direct evidence linking defendant to the cocaine, which was found underneath the vinyl siding of the back of defendant's house. Defendant testified that the cocaine was not his, and he only went into his backyard to mow the lawn or take out the garbage. Although defendant confessed, he presented evidence that he did so because the police threatened to arrest his fiancée. Thus, defendant's credibility was at issue, and the jury's assessment of his testimony was more probably than not influenced by the evidence of his prior conviction. [Slip op, p 2.]

The Court of Appeals reversed and ordered a new trial.

The Court also said that the trial court should have conducted an in camera hearing to determine whether the informant could have provided testimony that was relevant or helpful to the defense or essential to a fair determination of the defendant's guilt. It directed that such a hearing be held on remand.

The prosecutor has filed an application for leave to appeal. The defendant has cross-appealed regarding an

4

ineffective assistance of counsel claim, which the Court of Appeals did not reach because of its reversal on the evidentiary issue.

III

The appropriate standard of harmless error review depends on whether the error is constitutional or nonconstitutional in nature, and whether the appellant preserved the issue. *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999). The error found by the Court of Appeals, erroneous admission of evidence, is nonconstitutional, and the defendant objected to the admission of the evidence. Thus, the standard is that for preserved nonconstitutional errors. The standard is derived from MCL 769.26, which provides, in part:

> No judgment or verdict shall be . . . reversed . . . in any criminal case, on the ground of . . . the improper admission . . . of evidence, . . . unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

In *Lukity*, we said:

> [MCL 769.26], with its rebuttable presumption, clearly places the burden on the defendant to demonstrate that a preserved, nonconstitutional error resulted in a miscarriage of justice.

> * * *

> [T]he bottom line is that [MCL 769.26] presumes that a preserved, nonconstitutional error is not a ground for reversal unless "after an examination of the entire cause, it shall affirmatively appear" that it is more probable than not that the error was outcome determinative. [460 Mich 493-496].

5

Since *Lukity*, we have several times applied these principles. See *People v Snyder*, 462 Mich 38, 44-46; 609 NW2d 831 (2000); *People v Toma*, 462 Mich 281, 296-302; 613 NW2d 694 (2000); *People v Rodriguez*, 463 Mich 466, 473-474; 620 NW2d 13 (2000); *People v Elston*, 462 Mich 751, 766; 614 NW2d 595 (2000). As we said in *Elston*:

> In order to overcome the presumption that a preserved nonconstitutional error is harmless, a defendant must persuade the reviewing court that it is more probable than not that the error in question was outcome determinative. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). An error is deemed to have been "outcome determinative" if it undermined the reliability of the verdict. See *People v Snyder*, 462 Mich 38, 45; 605 NW2d 831 (2000), citing *Lukity, supra* at 495-496. In making this determination, the reviewing court should focus on the nature of the error in light of the weight and strength of the untainted evidence. See *Lukity, supra* at 495; *People v Mateo*, 453 Mich 203, 215; 551 NW2d 891 (1996). [462 Mich 766.]

IV

In this case, even if the evidence regarding the defendant's prior drug activity was improperly admitted, the defendant has not carried his burden of establishing that it was more probable than not that the alleged error affected the outcome of the trial. The evidence that the Court of Appeals found to have been improperly admitted was that the defendant had previously sold drugs. However, the circumstances of the prior sale were quite different from the charged offense, reducing the degree to which the jury might conclude that the defendant was guilty of the instant offense because it showed

6

a pattern with his prior conduct. Further, in closing argument, the use the prosecutor made of the defendant's prior crime was to attack his credibility. The defendant was properly impeached with three theft-related convictions, minimizing the effect of the evidence of a prior drug offense.

Conversely, there was strong evidence of the defendant's guilt. Most significantly, the defendant admitted to the police that the drugs belonged to him. While defendant claimed that he made this confession only because the police threatened to arrest his fiancée, there was evidence that, even before the police made this "threat," defendant repeatedly told a police officer that his girlfriend had nothing to do with the drugs. By making that assertion, defendant implicitly suggested that he had been aware of the drugs. In addition, a substantial quantity of cocaine, clearly packaged for sale, was under the siding of the house in which the defendant admitted that he lived. He was the only adult in the house at the time of the raid. Although unemployed, he was literally sitting on a substantial amount of cash hidden under a bed sheet.

While the defendant attempted to offer explanations for a number of the items of evidence, the net effect of the testimony was to present a convincing case of the defendant's guilt. In light of the strength of the prosecution's case, it cannot be said that the alleged error more probably than not affected the jury's verdict. Accordingly, we reverse the

7

Court of Appeals decision ordering a new trial.[4]

V

The Court of Appeals directed that at the new trial the circuit judge conduct an in camera inquiry regarding the defendant's request that the informant be produced. It is unclear from the Court of Appeals opinion whether the Court would have so directed but for the reversal on the evidentiary issue. In addition, the Court of Appeals did not reach the ineffective assistance of counsel claim raised by the defendant. We, therefore, remand the case to the Court of Appeals for consideration of those questions.

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

---

[4] Because we conclude that the alleged error does not require reversal under *Lukity*, we decline to address whether the evidence was properly admitted.

S T A T E   O F   M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                               No. 115917

JAMES ELBERT WHITTAKER,
also known as
JAMES EDWARD WHITTAKER,

    Defendant-Appellee.

_____

CAVANAGH, J. (*dissenting*).

I dissent and would affirm the decision of the Court of Appeals. The trial court improperly admitted evidence of defendant's 1992 drug conviction. The Court of Appeals correctly stated that the evidence "was not probative of anything other than defendant's propensity to commit the crime."[1] Further, even if there were any probative value, it was substantially outweighed by the danger of unfair prejudice.

---

[1] Unpublished opinion per curiam, issued November 9, 1999 (Docket No. 208360). Slip op, p 2.

The majority fails to analyze whether the admission was error, reasoning that even if it was, it was harmless because of the "strength of the prosecution's case." Slip op, p 7. I disagree because I do not think the prosecution's case was so strong that the admission of defendant's prior drug conviction was harmless. There was evidence that other people regularly visited the house. Because the drugs were hidden outside the house, it is possible that one of the visitors hid the drugs there. Why would defendant hide drugs *outside* his own house, possibly exposing the drugs to theft or the elements, when he could hide them inside his house? Additionally, defendant's cousin, not defendant, was the subject of the investigation for the earlier sale. Defendant's cousin made the initial sale to an informant outside defendant's residence, which is why the search warrant was for defendant's residence. Moreover, other people lived in the house.

More importantly, I do think it is likely that the admission of the prior drug offense was, more probably than not, outcome determinative. I disagree with the majority that because the prosecution referenced three larceny convictions to attack defendant's credibility, the reference to the drug offense (also to attack defendant's credibility) was harmless. The jury probably did not use the prior drug offense to

2

determine defendant's credibility.  Rather, the jury likely considered it as evidence that defendant sold drugs in the past and probably still sold them and, therefore, the drugs at issue were his.[2]

Because I would hold that admitting evidence of the prior conviction was error and would further hold that the error was not harmless, I would affirm the decision of the Court of Appeals.

KELLY, J., concurred with CAVANAGH, J.

---

[2] Defendant did confess to the police officers that the drugs were his, however, I agree with the Court of Appeals that defendant presented evidence that he did so only because the police officers threatened to arrest his fiancée.