# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 3, 2009

137609

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

PAUL DAVID GIBBS,
          Defendant-Appellant.

SC: 137609
COA: 274003
Ingham CC: 04-001541-FC

_____/

On order of the Court, the application for leave to appeal the September 9, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).

I would grant leave to appeal. This may be a case where the erroneous admission of evidence and the misuse of evidence were so offensive to sound judicial process that they cannot be regarded as harmless.

Admittedly, the appearance of defendant's guilt was strong, and the jury found him guilty of first-degree premeditated murder.[1] However, in the course of the trial, the court improperly admitted at least five hearsay statements damaging to defendant. Included was the statement that, before her death, the victim believed that defendant had attempted to kill her.[2]

The trial court also improperly allowed the prosecution to introduce, over defendant's objection, a video recording in which a witness recounted that defendant had

---

[1] MCL 750.316(1)(a).

[2] *People v Gibbs*, unpublished opinion per curiam of the Court of Appeals, issued September 9, 2008 (Docket No. 274003), at 2.

told her that the victim was dead. The witness claimed that defendant had predicted that he would get "pinned" for her death.[3] The trial court then allowed the witness to testify directly about the conversation, erroneously ruling that the conversation constituted a prior inconsistent statement.[4]

Not only did the judge allow this considerable, inadmissible evidence, the prosecutor intentionally used it extensively. The Court of Appeals concluded that there was prosecutorial misconduct. It stated:

> [D]espite . . . clear evidence establishing that the prosecution knew of the limited use of [Louella] Bibbins's prior inconsistent statements, the prosecution repeatedly argued the inconsistent statements as substantive evidence of defendant's guilt. In its closing statement, the prosecution made the following comments:
>
>> . . . And, Paul Gibbs told Louella Bibbins, Tammie is dead, and they're going to pin it on me; six hours, five hours before her body was found. . . .
>>
>> * * *
>>
>> . . . No one else knew she was dead before her body was found. . . .
>>
>> * * *
>
> At about 1:00 o'clock eastern time the cellphone he's using hits a cell tower in South Bend, Indiana [with the call to Louella Bibbins]; 6:35, 6:40 p.m. that same day, Mr. Moseng and Ms. Stornello call the police [to report finding a body]. He knew she was dead before she was found. It's that important. It's important enough that he calls Louella Bibbins to lie about it. That's how important it is.
>
>> * * *
>
> Another quick example, the East Lansing interview with Louella and Donald Gibbs, when she was explaining the details of that call to Officer [Scott] Despins, he made a note it's on the tape. This was just prior to 5:55 p.m., a full 40 to 45 minutes before Mr. Moseng and Ms. Stornello had even called the police yet. So, at the time she was talking, she didn't know how important it was, so she told the truth.

---

[3] *Gibbs*, *supra* at 3.

[4] *Id.*

In its rebuttal closing argument, the prosecution again stated that defendant "knew she was dead before she was found."[5]

The prosecutor made these statements, knowing that the evidence had been improperly admitted.[6] The Court of Appeals determined the errors "extremely significant," but affirmed the conviction because it concluded, more probably than not, that the errors were not outcome determinative.[7]

When the error and misconduct are so many and great as here, it is difficult for an appellate court to presume what a jury would have done had the errors not occurred. It also raises serious questions about the point at which it can no longer be said that a defendant was afforded a fair trial. This presents problems for appellate courts that seek not to second-guess jury verdicts. The Court in *People v Robinson* attempted to provide guidance when it stated: "Where it is claimed that error is harmless, two inquires are pertinent. First, is the error so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless? Second, if not so basic, can we declare a belief that the error was harmless beyond a reasonable doubt?"[8] The purpose of the first inquiry "is to deter prosecutorial misconduct and to safeguard those individual rights which are so fundamental that the impact of their violation cannot be fully assessed."[9]

In *Robinson,* this Court found that the prosecutor's deliberate injection of "improper evidence and the trial court's acquiescence in it are such affront to the

---

[5] *Id.* at 4-5.

[6] After the court improperly overruled defendant's objection to the telephone call, it stated the jury likely needed a cautionary instruction that a prior inconsistent statement is not substantive evidence. The prosecutor responded that the court was "'absolutely correct.'" *Id.* at 4. Then, when the court made it clear that the videotape was for impeachment purposes only, the prosecutor replied, "'That's true your honor.'" *Id.*

[7] *Id.* at 7. Under the harmless error analysis, a trial court's nonconstitutional error in admitting evidence is not grounds for reversal. An exception exists if, after an examination of the entire cause, it affirmatively appears more probable that not that the error was outcome determinative. *People v Lukity,* 460 Mich 484, 495-496 (1999). An error is outcome determinative if it undermines the reliability of the verdict. *People v Whittaker,* 465 Mich 422, 427 (2001).

[8] *People v Robinson,* 386 Mich 551, 563 (1972) (citations omitted).

[9] *People v Christensen,* 64 Mich App 23, 33 (1975).

integrity of the trial process that we will not countenance it."[10]   In so ruling, this Court quoted *People v Bigge*:

> That statutory provision is not a cure-all for it must serve within constitutional limitations or else be declared void.   Minor errors which clearly can be held not to have affected the result may be mollified by this statutory provision, but errors which deprive an accused of the right of due process of law cannot be composed thereby to the detriment of an accused. The responsibility of maintaining the right of fair trial and due process of law is placed with the judicial branch and cannot be otherwise by legislative permission. *We are not concerned with the guilt or innocence of the accused, for we are not triers of the facts and must apply the law to the case as tried.*   The statement was inexcusable, wholly without warrant of law, planted irremovable impression and rendered defendant a victim of the error.   The prosecutor, by such statement of intended proof of defendant's guilt, brought an effect so probable, so inadmissible, and so prejudicial as to constitute irreparable error.[11]

The tainted evidence improperly admitted in this case was very powerful. Moreover, the use of nonsubstantive evidence as substantive evidence ensured defendant's conviction.   It appears that the prosecutor introduced the inadmissible hearsay to show that defendant was a brutish, controlling man who, by virtue of his bad character, was likely the murderer.   There was no reason to introduce the prior statements about the telephone conversation except to use them substantively to show defendant's guilt.   The prosecutor repeatedly used these statements as substantive evidence knowing it was improper to do so.

Where the evidence of guilt is strong, this Court should not allow a prosecutor to succeed in abusing the justice system by hiding behind a shield emblazoned with the words "Harmless Error."   I would grant leave to consider whether, in this case, this Court, should condone as harmless error the prosecutor's deliberate injection of inadmissible evidence and misuse of nonsubstantive prejudicial evidence.

---

[10] *Robinson,* 386 Mich at 563.

[11] *Id*., quoting *People v Bigge*, 288 Mich 417, 421 (1939) (emphasis added in *Robinson*).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 3, 2009

0331

Clerk