# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SANDRA KAY WHITE,

Defendant-Appellant.

UNPUBLISHED
November 18, 2014

No. 316667
Berrien Circuit Court
LC No. 2012-001599-FH

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Defendant Sandra Kay White appeals by right her jury conviction of embezzling between $50,000 and $100,000. MCL 750.174(6). The trial court sentenced White to serve 180 days in jail, to serve 60 months on probation, and to pay $110,859.04 in restitution. Because we conclude there were no errors warranting relief, we affirm.

From 2008 to 2011, White served as the City Clerk for the city of New Buffalo. One of her duties was to reconcile the fees collected by attendants at the city's beach and boat launch. In 2011, there was an investigation and audit of the revenue from the beach and boat launch. The investigation revealed that White failed to report over $92,000 in revenue.

On appeal, White first argues the trial court erred when it admitted the prosecution's Exhibits 4 and 5; Exhibit 4 was a collection of the city's monthly bank statements from April 2009 through December 2009, and Exhibit 5 was a collection of the city's monthly bank statements from April 2010 to December 2010. The trial court admitted the bank statements over White's lawyer's objection as records of regularly conducted business activity. See MRE 803(6). The trial court allowed the Assistant City Manager to lay the foundation for the admission of the bank statements.

This Court reviews a trial court's decision to admit evidence for an abuse of discretion. *People v McDaniel*, 469 Mich 409, 412; 670 NW2d 659 (2003). An abuse of discretion occurs when a trial court "chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009). However, this Court reviews de novo preliminary question of law, such as whether a rule of evidence precludes admission. *McDaniel*, 469 Mich at 412. A preserved evidentiary error does not require reversal unless "after an examination of the entire cause, it shall affirmatively appear that

-1-

it is more probable than not that the error was outcome determinative." *People v Whittaker*, 465 Mich 422, 426; 635 NW2d 687 (2001) (citation omitted).

MRE 801(c) defines hearsay to be "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." MRE 801(a). Hearsay is not admissible, except as specifically provided by the rules of evidence. MRE 802. Under MRE 803(6), records of regularly conducted business activities may be admitted even though hearsay:

> A memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with a rule promulgated by the supreme court or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

This exception is referred to as the business records exception to the hearsay rule. *People v Fackelman*, 489 Mich 515, 536; 802 NW2d 552 (2011). If the custodian of the record does not testify, another qualified witness may establish that the record was kept in the course of a regularly conducted business activity and that it was the regular practice of such business to make that record. *People v Vargo*, 139 Mich App 573, 580-581; 362 NW2d 840 (1984).

Here, there is no question that the Assistant City Manager was not the custodian of the bank's records. Further, although it is common knowledge that banks routinely generate bank statements for their customers, the Assistant City Manager was also not directly qualified to establish that the bank generated the statements in the course of its regularly conducted business activity. Indeed, the Assistant City Manager testified that he did not ordinarily receive or review the city's bank statements in the course of his duties, and that he only reviewed the bank statements if there was an extraordinary reason to do so. He also testified that he did not provide the bank with any of the information in the bank statements or compare the revenue collected by the attendants with the information in the bank statements. On this record, we conclude that the Assistant City Manager could not lay the foundation for the admission of these statements under MRE 803(6).

Given the nature of bank statements, some courts have held that it is unnecessary to lay a foundation for the admission of bank statements through testimony by a qualified representative from the bank; rather, courts may take judicial notice of the foundation from the nature of the bank's business and the records themselves:

We do not agree with appellant that the failure to call the records custodians from the banks that generated the documents is determinative of the documents' admissibility under Rule 803(6). "A foundation for admissibility may at times be predicated on judicial notice of the nature of the business and the nature of the records as observed by the court, particularly in the case of bank and similar statements." *Federal Deposit Ins Corp v Staudinger*, 797 F2d 908, 910 (CA 10, 1986), citing Weinstein's Evidence at 803-178. The record as a whole in this case establishes a sufficient foundation for the admission of the records under Rule 803(6). The record is replete with circumstances demonstrating the trustworthiness of the documents. There is simply no dispute that the transactions shown by the receipts took place as recorded. As noted above, bank records are particularly suitable for admission under Rule 803(6) in light of the fastidious nature of record keeping in financial institutions, which is often required by governmental regulation. [*United States v Johnson*, 971 F2d 562, 571-572 (CA 10, 1992); but see *United States v Pelullo*, 964 F2d 193, 202 (CA 3, 1992).]

Nevertheless, we need not determine whether Michigan law recognizes such an exception to the foundational requirements because any error in the admission of these records was not outcome determinative. See *Whittaker*, 465 Mich at 426. "An erroneous admission of hearsay evidence can be rendered harmless error where corroborated by other competent testimony." *People v Hill*, 257 Mich App 126, 140; 667 NW2d 78 (2003).

In the present case, the information in the bank statements was corroborated by other admissible evidence. Specifically, the accountant who performed the 2011 audit of the revenue from the beach and boat launch testified that she compared the information in the bank statements with the information regarding bank deposits from the city's general ledger and the deposit slips prepared by White. She stated that the amounts were consistent throughout the three sets of records. In other words, the bank statements were not necessary to show that the funds that the city deposited from the beach and boat launch in 2009 and 2010 was less than the amount actually collected for those years.

White further testified that when she reconciled the money reported by the boat launch attendants in 2009 and 2010 with the money she received from them during these years, the amounts matched. She also admitted that the amount of revenue that she received from the boat launch attendants in 2009 and 2010 differed from the amount of revenue that she reported to the city for the boat launch during those years. White did not explain why the amount of revenue she received from the boat launch attendants did not match the amount of revenue she reported to the city.

In addition, several witnesses testified that White was also responsible for reconciling the revenue from the beach area for the same years. White did not dispute that the amount of money reported by the beach area attendants in 2009 and 2010 differed from the amount of revenue that she reported to the city for the beach area during these years. None of the cited testimony relied upon the challenged bank statements. Instead, the amount of revenue from the beach and boat launch that White reported to the city for 2009 and 2010 was garnered from deposit slips that White prepared and gave to the City Treasurer, the city's general ledger, and a spreadsheet of revenue maintained by White. Given this evidence, it does not affirmatively appear more

probable than not that a different outcome would have resulted. Therefore, even if the bank statements were improperly admitted under MRE 803(6), that error would not warrant relief. *Whittaker*, 465 Mich at 426-427.[1]

Next, White challenges the sufficiency of the evidence to support her conviction of embezzlement. This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). This Court reviews the evidence in the light most favorable to the prosecution and determines whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008) (citation omitted). When reviewing a claim of sufficiency of the evidence, "[t]he credibility of witnesses and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecutor's favor." *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009).

To convict White of embezzlement, the prosecutor had to prove:

(1) the money in question must belong to the principal, (2) the defendant must have a relationship of trust with the principal as an agent or employee, (3) the money must come into the defendant's possession because of the relationship of trust, (4) the defendant dishonestly disposed of or converted the money to his own use or secreted the money, (5) the act must be without the consent of the principal, and (6) at the time of conversion, the defendant intended to defraud or cheat the principal. [*People v Lueth*, 253 Mich App 670, 683; 660 NW2d 322 (2002).]

See also MCL 750.174(1). White challenges only the sufficiency of the evidence with regard to whether she dishonestly disposed of or converted revenue from the beach and boat launch to her own use, or secreted the money and whether at the time of any conversion she intended to defraud or cheat the city.

Here there was adequate circumstantial evidence, and reasonable inferences arising from the evidence, to support these two elements. *Kanaan*, 278 Mich App at 619. White's position with the city afforded her the opportunity to take the money; specifically, she reconciled receipts and ticket stubs with cash and prepared a spreadsheet showing revenue. She prepared deposit slips reflecting, and deposited, less money than collected. The evidence confirmed that the shortages occurred when White was responsible for the money. From the evidence, White had to have been aware of the fact that cash went missing somewhere in the process because she reconciled the receipts and deposited less money than collected; yet, she never reported large sums of money missing. In addition, White instructed other city employees not to handle the

---

[1] For this reason, we decline to consider whether the documents were alternatively admissible under MRE 803(24).

revenue from the beach and boat launch in her absence, and when the system for reconciling the revenue changed, and White was no longer involved with the funds, the amount of revenue for the parks increased significantly. We note that none of this evidence relies on the bank statements. Viewing the evidence in the light most favorable to the prosecution, a jury could find that the prosecution proved, beyond a reasonable doubt, that White dishonestly disposed of or converted revenue from the beach and boat launch to her own use, and that at the time of conversion she intended to defraud or cheat the city. *Lueth*, 253 Mich App at 683.

Finally, White argues that the trial court erred in denying her motion for a new trial on the ground that her conviction was against the great weight of the evidence. A lower court's ruling on a motion for new trial based on the claim that the verdict was against the great weight of the evidence is reviewed for abuse of discretion. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). A trial court abuses its discretion when it selects an outcome that is outside the range of reasonable and principled outcomes. *Waclawski*, 286 Mich App at 670. Although the prosecutor's case was circumstantial, the evidence did not preponderate "so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Unger*, 278 Mich App at 232. The trial court did not abuse its discretion when it denied White's motion.

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

-5-