# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 12, 2016

Plaintiff-Appellee,

v

No. 326323
Wayne Circuit Court
LC No. 14-007447-FC

GREGORY MIDGYETT,

Defendant-Appellant.

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree murder, MCL 750.317, possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 25 to 60 years' imprisonment for his second-degree murder conviction, 40 to 60 months' imprisonment for his felon-in-possession conviction, 40 to 60 months' imprisonment for his CCW conviction, and five years' imprisonment for his felony-firearm (second offense) conviction. We affirm, but remand for the ministerial task of correcting a clerical error in the judgment of sentence.

## I. RIGHT TO PRESENT A DEFENSE

This case arises from the fatal shooting of Ronnie Davis during a dispute regarding a neighborhood parking space. Defendant first argues that he was denied his state and federal constitutional right to present a defense when the trial court excluded relevant evidence of the victim's reputation for violence. We disagree.

Defendant failed to preserve his right to present a defense claim by presenting it to the trial court. See *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). Therefore, the issue is unpreserved, and we review it for plain error. *Id*. A defendant has the right to present evidence in his defense. *People v Unger*, 278 Mich App 210, 249; 749 NW2d 272 (2008). However, the right to present a defense is not absolute, and it may "bow to accommodate other legitimate interests in the criminal trial process." *Id*. at 250 (citation and quotation marks omitted). "States have been traditionally afforded the power under the constitution to establish and implement their own criminal trial rules and procedures." *Id*. Thus, Michigan has broad

-1-

latitude to establish rules of evidence that exclude evidence from criminal trials. *Id*. "Such rules do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *Id*. (citations and quotation marks omitted). This Court has held that MRE 402, which bars irrelevant evidence from admission, does not infringe on a defendant's right to present a defense. *Id*. at 250-251.

Underlying defendant's failure to present a defense claim is his argument that the trial court abused its discretion in excluding evidence regarding the victim's trait of aggression. We review preserved evidentiary issues for an abuse of discretion. *Unger*, 278 Mich App at 216. An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id*. at 217. However, when decisions regarding the admission of evidence involve preliminary questions of law, this Court's review is de novo. *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014).

Defendant asserts that the trial court improperly excluded his testimony that Davis's sister told him that Davis was a drug dealer, which defendant asserts would have supported his self-defense claim. At trial, defendant testified as follows:

> *Q*. Well, why didn't you go back to stay or live at the house, that's where you lived, right?
>
> *A*. Because I was basically afraid about the people in that house over there, because the lady here, her sister here told me that when her brother was getting ready to move in there, he was gonna be selling drugs there.

The prosecutor objected to the testimony on the basis that it was irrelevant and constituted hearsay, and the trial court sustained the objection on the basis that it constituted hearsay.

MRE 402 provides that all relevant evidence is admissible, unless otherwise excluded by the United States or Michigan Constitutions, the Michigan Rules of Evidence, or other rules that the Supreme Court adopts. MRE 402. The rule further provides that irrelevant evidence is inadmissible. *Id*. MRE 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 802 provides that hearsay is not admissible, except where permitted by the Michigan Rules of Evidence. MRE 802. MRE 801(c) defines hearsay as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence *to prove the truth of the matter asserted*." (Emphasis added.) MRE 801(a) defines the term "statement" as "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." "An out-of-court statement introduced to show its effect on a listener, as opposed to proving the truth of the matter asserted, does not constitute hearsay under MRE 801(c)." *People v Gaines*, 306 Mich App 289, 306-307; 856 NW2d 222 (2014).

On appeal, defendant argues that the testimony was offered for a non-hearsay purpose and was admissible pursuant to MRE 404(a)(2), which provides:

Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

* * *

(2) When self-defense is an issue in a charge of homicide, evidence of a trait of character for aggression of the alleged victim of the crime offered by an accused, or evidence offered by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a charge of homicide to rebut evidence that the alleged victim was the first aggressor[.]

We first note that we agree with defendant that the testimony was offered for a non-hearsay purpose—to show that defendant feared Davis because he believed that Davis was a drug dealer—and not to prove the truth of the matter asserted, i.e., that Davis was actually a drug dealer. See MRE 801. However, defendant's argument otherwise fails because the testimony was not offered to show a trait of character for aggression. First, the testimony was offered in response to a question regarding why defendant failed to return to his home *after* the shooting and was not offered in connection with defendant's self-defense claim. Second, the testimony that Davis sold drugs did not support a claim of self-defense by showing a trait of aggression. See MRE 404(a)(2). Accordingly, defendant's claim that the testimony was admissible under MRE 404(a)(2) fails.

Furthermore, even assuming that the testimony was admissible under MRE 404(a)(2), defendant has not shown that it was more probable than not that the error affected the outcome of the trial. A defendant raising a preserved evidentiary issue on appeal must demonstrate that it was more probable than not that the alleged error affected the outcome of the trial. *People v Whittaker*, 465 Mich 422, 427; 635 NW2d 687 (2001). Even if the trial court erred in excluding testimony regarding the statement of Davis's sister, defendant has failed to establish that the exclusion more likely than not affected the trial's outcome. The crux of defendant's testimony was that Davis pointed a gun at him, and he fired his own gun to defend himself. Defendant testified that he was afraid of Davis and that he raised his gun and fired at Davis only after Davis first pointed a gun at him. Davis's gun was never found, and no witness testified to seeing Davis with a gun during the incident. With regard to a claim of self-defense, MCL 780.972 provides, in relevant part:

(1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if either of the following applies:

(a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual. [MCL 780.972(1)(a).]

Even if defendant believed that Davis was a drug dealer, defendant fails to show that it is more probable than not that the testimony regarding the fact that Davis was a drug dealer would have affected the jury's conclusion regarding the self-defense theory. Defendant had already testified on direct examination that he was afraid that Davis would shoot him and that he raised his gun and fired at Davis only after Davis first pointed a gun at him. The jury was thus aware that defendant claimed that he shot Davis out of fear. There is no indication that the jury would find that the danger defendant feared was death or seriously bodily harm or that shooting Davis while he sat inside a car when defendant was outside the car was immediately necessary based on the fact that Davis was a drug dealer. Accordingly, defendant fails to establish that it was more probable than not that the alleged error affected the outcome of the trial. See *Whittaker*, 465 Mich at 427.

We further conclude that defendant's testimony regarding the fact that Davis's sister told him that Davis was a drug dealer was irrelevant to any other issue in the case, including the issue why defendant did not return to his house following the shooting. Defendant's testimony related to Davis's conduct *before* the shooting, while defendant was still living in his home, and does not explain why defendant failed to return to his home *after* the shooting. As stated above, defendant failed to establish the link between Davis's purported drug dealing and the violence in the neighborhood that he feared. There was no evidence presented at trial that Davis had a reputation for violence or aggression, and there was no testimony that Davis's purposed drug dealing resulted in violence. Thus, the fact that defendant heard that Davis sold drugs before the shooting was irrelevant to the issue why refused to return to his house following the shooting. See MRE 401.

Furthermore, defendant does not establish that it is more probable than not that any alleged error affected the outcome of the trial. Defendant testified on two separate occasions that he did not return home because he was afraid of the people in the neighborhood and was afraid that his house would "be shot up." Defendant's testimony negated the inference that he avoided the area because he was guilty. Additionally, defendant was permitted to testify regarding what occurred during the incident, and he testified that Davis pulled out a gun and that he shot Davis because he was afraid Davis was going to shoot him. The fact that defendant did not continue to live at his house after the incident had little relevance to what occurred during the incident, and, to the extent that it gave rise to an inference that defendant was guilty, defendant explained twice that he did not return home because he was afraid of crime in the neighborhood. Therefore, defendant fails to establish that it is more probable than not that the error affected the outcome in the case. See *Whittaker*, 465 Mich at 427.

Defendant also argues that the trial court erred when it excluded testimony regarding whether he saw any particular or unusual activity at Davis's house. At trial, defense counsel asked defendant, "And, did you see any particular or unusual activity at that house?" The prosecutor objected on the basis that the evidence was irrelevant. Defense counsel argued that the testimony was relevant to defendant's impression of the victim. The court sustained the objection on the basis that it was irrelevant.

We first note that defendant failed to preserve this issue by making the substance of the evidence known to the court through an offer of proof, and the substance of the evidence was not apparent from the context within which the question was asked. See MRE 103(a)(2). Instead,

defense counsel merely stated that the evidence would "go ultimately to [defendant's] state of mind as to his impression of" the victim, but he did not explain what "particular or unusual activity" defendant witnessed. Therefore, the issue is unpreserved. See *id*.

On appeal, defendant contends that the "unusual activity" would have involved drug sales. Assuming this is correct, the trial court properly excluded this evidence as irrelevant for the reasons discussed above. See MRE 401. Even assuming defendant were correct that he should have been permitted to testify that he noticed unusual activity at Davis's house to show his state of mind regarding Davis, defendant fails to establish plain error affecting his substantial rights because he fails to establish that the error affected the outcome in the trial court for the reasons discussed above. See MRE 103(d); *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011) ("Unpreserved claims of evidentiary error are reviewed for plain error affecting the defendant's substantial rights.").

Finally, defendant's argument regarding his right to present a defense fails because he does not argue that any Michigan Rule of Evidence is arbitrary or disproportionate to the purposes it was designed to serve. See *King*, 297 Mich App at 474. Furthermore, defendant was permitted to present testimony regarding his defense of self-defense, which, if believed by the jury, would have provided defendant with a defense against the murder charge. See *id*. Therefore, defendant's right to present a defense argument fails.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that his state and federal constitutional right to the effective assistance of counsel was violated because trial counsel failed to request a jury instruction on the lesser included offense of voluntary manslaughter. We disagree.

Because defendant failed to move for a new trial or an evidentiary hearing regarding this claim in the trial court, he failed to preserve this issue, and our review is limited to errors apparent on the record. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). "Whether [a] defendant was denied the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Vaughn*, 491 Mich 642, 650; 821 NW2d 288 (2012). The trial court's findings of fact are reviewed for clear error while questions of constitutional law are reviewed de novo. *Id*.

To establish that counsel's performance was ineffective, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51-52; 826 NW2d 136 (2012). A defendant must overcome the strong presumption that counsel's performance was based upon a sound trial strategy. *Id.* at 52.

"[W]hen a jury instruction is requested on any theories or defenses and is supported by evidence, it must be given to the jury by the trial judge." *People v Mills*, 450 Mich 61, 81; 537 NW2d 909 (1995), mod on other grounds 450 Mich 1212 (1995). Manslaughter is a lesser included offense of murder. *People v Mendoza*, 468 Mich 527, 533; 664 NW2d 685 (2003).

-5-

"[A]n inferior-offense instruction is appropriate only if the lesser offense is necessarily included in the greater offense, meaning, all the elements of the lesser offense are included in the greater offense, and a rational view of the evidence would support such an instruction." *Id*. at 533. "Consequently, when a defendant is charged with murder, an instruction for voluntary . . . manslaughter must be given if supported by a rational view of the evidence." *Id*. at 541. A killing is considered voluntary manslaughter if a defendant killed in the heat of passion caused by adequate provocation without a lapse of time during which a reasonable person could control his passions. *Id*. at 535. The failure to request a jury instruction can constitute a matter of trial strategy. *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013).

In this case, even assuming defendant is correct that there was a basis for giving an instruction regarding voluntary manslaughter, defendant has failed to overcome the strong presumption that his trial counsel failed to request such an instruction based upon his sound trial strategy. "[T]his Court will not second-guess counsel regarding matters of trial strategy, and even if defense counsel was ultimately mistaken, this Court will not assess counsel's competence with the benefit of hindsight." *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999). The defense strategy was to argue that defendant acted in self-defense after Davis pointed a gun at him during a verbal argument. The defense's position was not that defendant acted out of anger or passion, but rather that he acted out of fear to protect himself against an immediate threat. The decision not to request a voluntary manslaughter instruction based upon that defense was a legitimate all-or-nothing trial strategy. Had the jury believed that defendant acted in self-defense, he would not have been convicted of second-degree murder. The voluntary manslaughter instruction was potentially detrimental to defendant's self-defense theory. See *Dunigan*, 299 Mich App at 583-584. Under the circumstances, we do not second-guess defense counsel's strategy, even though it was ultimately unsuccessful. See *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004) ("A particular strategy does not constitute ineffective assistance of counsel simply because it does not work.").

Finally, in his Standard 4 brief, defendant argues that his trial counsel was constitutionally ineffective in failing to subpoena a witness for trial that he explicitly demanded. We disagree.

Defendant failed to preserve this issue in the trial court by filing a motion to remand or a motion for an evidentiary hearing, and his failure to do so limits our review to errors apparent on the record. See *Payne*, 285 Mich App at 188. Here, there is no record to support defendant's claim that he demanded the production of the unknown young woman. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) (explaining that a defendant has the burden to establish the factual predicate for his ineffective assistance of counsel claim). In addition, there is no indication that the woman was ever identified so that defense counsel could have issued a subpoena to her. Further, defendant does not indicate what testimony this witness would have offered. Presumably, defendant would contend that the young woman could have testified regarding whether she saw a gun in Davis's car when she attended to Davis after his car crashed. But as this Court has repeatedly held, a party cannot rely upon the appellate court to make his arguments and find authority to support them. See *People v Schumacher*, 276 Mich App 165, 178; 740 NW2d 534 (2007) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims . . . .") (citations and quotation marks omitted). Based upon the record, defendant has not established that he requested that the

unknown woman be produced or what her testimony would have been, let alone that his trial counsel was ineffective for failing to produce her as a witness.

Finally, we note that defendant was sentenced to five years' imprisonment for his felony-firearm (second offense) conviction. The judgment of sentence initially erroneously noted that defendant was sentenced to both five years' imprisonment and two years' imprisonment for his felony-firearm (second offense) conviction. The judgment of sentence was later amended to provide that defendant was sentenced to two years' imprisonment for his felony-firearm conviction. In addition, defendant was sentenced as a fourth habitual offender, but this was not noted on the amended judgment of sentence. Therefore, we remand the case to the trial court in order to amend the judgment of sentence to provide that defendant was sentenced to five years' imprisonment for his felony-firearm (second offense) conviction and to provide that defendant was sentenced as a fourth habitual offender.

Affirmed, but remanded for the ministerial task of correcting a clerical error in the judgment of sentence. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra