*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PAUL EDWARD GOODPASTER,

Defendant-Appellant.

UNPUBLISHED
January 2, 2020

No. 342082
Macomb Circuit Court
LC No. 2016-004537-FH

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

TUKEL, J. (*concurring in part and dissenting in part*).

I write separately because while I agree that defendant's conviction should be affirmed, I disagree with the majority's analysis of MCL 762.8 as the basis for affirming his conviction.

I fully agree with the majority that venue under the general common-law rule venue was proper in Wayne County. See generally *People v McBurrows*, 504 Mich 308, 324, 934 NW2d 748 (2019). As the majority correctly states, however, MCL 762.8 provides a possible alternative basis for venue, in Macomb County. That section states:

> Whenever a felony consists or is the culmination of 2 or more acts done in the perpetration of that felony, the felony may be prosecuted in any county where any of those acts were committed or in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect.

Accordingly, as a threshold matter, venue could only be established in Macomb under MCL 762.8 if the crime defendant was convicted of, making a false statement in an application for certificate of title, "consists or is the culmination of 2 or more acts done in the perpetration of that felony." *Id*.

Defendant's offense of conviction, making a false statement in an application for certificate of title, MCL 257.254, has three elements: 1) the defendant applied for a certificate of

title to a motor vehicle, 2) the defendant made a false statement of a material fact, and 3) the defendant knew that the statement was false. See *People v Jensen*, 162 Mich App 171, 182-184; 412 NW2d 681 (1987);[1] M Crim JI 24.7. While making a false statement in an application for certificate of title thus has three *elements*, the alternative venue provision of MCL 762.8 is phrased in terms of *acts*, not *elements*, and I am not convinced that the offense of conviction requires two or more acts. Rather, I believe that making a false statement in an application for certificate of title only requires one act and that it is the character of the act, in light of a defendant's mens rea, which makes that single act criminal.

The majority concludes that defendant committed two acts related to his violation of MCL 257.254: (1) "applying for a certificate of title and [(2)] making a false statement in the application." *Ante*, at 9. While I agree that applying for a certificate of title is an act, I disagree that making a false statement in the application is a separate act, or indeed an act at all. Instead, I believe that making a statement in the application which is in fact false is simply a characterization of the nature of the application itself, but does not constitute an additional or separate act. The act of applying for a certificate of title necessarily includes and subsumes the making of all statements on the application form; collectively, those statements become "the application." Accordingly, whether any statement in the application is true or false is not a separate act. Rather, whether a statement is true or false is simply a characterization and description of the act of "making" the application. Additionally, while the majority did not expressly address this issue, I also believe that the third elements of MCL 257.254, the requirement that the defendant have known that his or her statement was false, is not an act. Put simply, knowledge is not an act. The common law has for centuries drawn a distinction between an actus reus (the act which constitutes a crime) and mens rea (the mental state necessary for an act to constitute a crime). See, e.g., *People v Likine*, 492 Mich 367, 393; 823 NW2d 50 (2012) ("Generally, the commission of a crime requires both an actus reus and a mens rea."); *id.* at 393 n 42 (discussing history of rule). Consequently, while intent to include a false statement in an application is a necessary element in order to establish criminal liability, it cannot be the second act required under MCL 762.8 as a basis for establishing alternative venue in Macomb County, because falsity is not an act at all but rather a mental state.

Despite my disagreement with the majority's analysis of whether venue was proper in Macomb County, I concur in the result because I believe that any error necessarily was harmless. As explained in *McBurrows*, "the Legislature is free to adjust statutorily" the default rule—that venue is proper in the county where a crime is committed—because the default rule is not a constitutional right. *McBurrows*, 504 Mich at 324. As such, the nonconstitutional harmless error test applies. See *People v Houthoofd*, 487 Mich 568, 593-594, 790 NW2d 315 (2010); MCL 600.1645 ("No order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue."). Preserved nonconstitutional error, like the one at issue here, is only grounds for reversal if it is more probable than not that the error was outcome

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

determinative. *People v Williams*, 483 Mich 226, 243; 769 NW2d 605 (2009); *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). An error is outcome determinative if it undermines the reliability of the verdict. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). Defendant has failed to make any showing that being tried in Macomb County instead of Wayne County had, or could have had, any effect on the outcome of his trial or undermined the reliability of the verdict in any way. Thus, any venue error necessarily was harmless. See *People v Whittaker*, 465 Mich 422, 426-427; 635 NW2d 687 (2001) (holding that preserved nonconstitutional error is harmless unless it affected the outcome of trial).

I agree with all other parts of the majority's well written opinion.


/s/ Jonathan Tukel