*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

JUSTIN MICHAEL ELLIS,

　　　　　Defendant-Appellant.

UNPUBLISHED
August 11, 2022

No. 356045
Berrien Circuit Court
LC No. 2019-015455-FH

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

Defendant spanked his daughter, LE, severely enough to cause extensive bruising that made it painful for her to sit down. At trial, defendant argued that LE actually had a rash, but he now argues that the prosecutor failed to offer sufficient evidence to establish the necessary mens rea for his third-degree-child-abuse conviction, MCL 750.136b(5). Defendant also argues that the trial court erred by permitting the prosecutor to cross-examine a character witness about defendant's prior convictions. We affirm.

## I. BACKGROUND

LE's parents were separated, but she lived with defendant when he allegedly spanked her severely enough to lead to this case. LE's mother, Laura Ellis, discovered LE's bruises when LE told her that she could not sit down. LE showed Laura the bruises and Laura took pictures of them; LE told Laura that defendant "whooped" her and that he hit her so hard that she "wanted to throw up." The pictures show purple or red marks on much of LE's bottom. Laura confronted defendant about LE's injuries and he stated that "it was one time" when "he was just fed up," but that it would not happen again.

Laura did not report this incident to the police until she learned that defendant may have sexually abused LE's two brothers. (Defendant was not convicted of those criminal-sexual-conduct charges; one charge was dismissed by the prosecutor following a hung jury, and defendant was acquitted at trial of the other charge.) LE recounted the spanking to a clinical social worker and at trial. Two witnesses at trial testified that they observed LE's interview with the social worker and did not find anything suggestive about it.

The prosecutor and defendant each presented expert witnesses to examine the photographs. The prosecutor's witness opined that the photographs clearly showed signs of bruising that were "very specific for a spanking or paddling type of injury." In contrast, defendant's expert witness opined that the marks on LE's bottom were a rash and not caused by spanking. A detective also testified about the photographs and concluded that they were taken at or near defendant's house.

Defendant testified at trial and denied causing any bruising to LE after spanking her. He admitted that he would occasionally spank the children, but claimed he never did it hard enough to hurt them. He also testified that LE got bruises from playing and that she frequently got rashes.

Defendant called four character witnesses at trial. One of the witnesses, Lisa VanWieren, was defendant's supervisor at Four Winds Casino. During direct examination, VanWieren testified that the casino performed "extensive" background checks on employees and that she was "required to keep track of [her subordinates] and to report anything that would be adverse to them." She also testified that it was important for "the casino to have only good character people working for them." This line of questioning culminated in the following colloquy:

> [Defense counsel]: Now, do you have an opinion as to whether [defendant] is an honest, truthful person?
>
> [VanWieren]: Yes.
>
> [Defense counsel]: And what is that opinion?
>
> [VanWieren]: My opinion is he is honest, law abiding.

The prosecutor did not object to VanWieren's answer and, during a side bar, asked if she could cross examine VanWieren about defendant's criminal record. The trial court agreed over defense counsel's objection. The prosecutor asked VanWieren if she knew about defendant's prior conviction and a similar probation violation. VanWieren was aware of the assault-and-battery conviction, but not of the probation violation.

During a break in the proceedings, the trial court stated that its ruling allowing the prosecutor's questions about whether defendant was law-abiding was based on its belief that defense counsel specifically asked a question about that. The trial court and the attorneys then discussed defendant's prior conviction and agreed that it had ultimately been dismissed following defendant's completion of his sentence. The trial court nevertheless concluded that the prosecutor's questions about defendant's prior conviction were appropriate because it believed the prosecutor asked whether VanWieren knew defendant pleaded guilty in that case. Defense counsel did not ask VanWieren any questions on redirect examination to clarify these issues.

When instructing the jury, the trial court stated, in relevant part,

> The prosecutor has cross-examined one of the defendant's character witnesses as to whether they had heard anything bad about the defendant. You should consider such cross-examination only in deciding whether you believe the character witnesses and whether they described him fairly.

The jury then convicted defendant of third-degree child abuse and the trial court sentenced him to 60 days in jail and two years of probation. This appeal followed.

## II. ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence that he had the specific intent necessary for his conviction. A challenge to the sufficiency of the evidence to support a criminal conviction presents a question of law we review de novo. *People v Herndon*, 246 Mich App 371, 415; 633 NW2d 376 (2001). When reviewing the sufficiency of the evidence in a criminal case, a reviewing court must view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that each element of the crime was proved beyond a reasonable doubt. *Id.* A reviewing court "must consider not whether there was any evidence to support the conviction but whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748, amended 441 Mich 1201 (1992) (citation and quotation marks omitted). Similarly, "[c]ircumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Relevant to this case, third-degree child abuse requires the defendant to "knowingly or intentionally causes physical harm to a child." MCL 750.136b(5)(a). "Physical harm" is defined as "any injury to a child's physical condition." MCL 750.136b(1)(e). "Intent and knowledge can be inferred from one's actions. When knowledge is an element of an offense, it includes both actual and constructive knowledge." *People v Gould*, 225 Mich App 79, 87; 570 NW2d 140 (1997). Regardless of whether third-degree child abuse is a specific- or general-intent crime, the prosecutor presented sufficient evidence to prove the requisite mens rea that defendant knowingly or intentionally caused physical harm to LE.

The prosecutor presented evidence at trial that defendant spanked LE with such force that she "wanted to throw up" and she could not sit down afterwards because of the pain. Although no direct evidence of defendant's mental state was offered to show that he intentionally or knowingly hurt LE when he spanked her, the photographic evidence and the testimony of Laura and LE provide circumstantial evidence that LE's injuries were no accident. This evidence was corroborated by the prosecutor's expert, who opined that the marks on LE's bottom in the picture were bruises caused by spanking. A rational juror could infer from this evidence that defendant knowingly or intentionally harmed LE when he spanked her. Thus, the prosecutor presented sufficient evidence to establish the proper mens rea for defendant's third-degree-child-abuse conviction.

### B. EVIDENTIARY CHALLENGES

Defendant next argues that the trial court erred by admitting evidence of defendant's criminal record. This Court "review[s] for an abuse of discretion a trial court's decision to admit or exclude evidence," and reviews any preliminary legal questions of law de novo. *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). "[A] trial court's decision on a close evidentiary

question ordinarily cannot be an abuse of discretion." *People v Cameron*, 291 Mich App 599, 608; 806 NW2d 371 (2011) (quotation marks and citation omitted).

As a general rule, evidence of a defendant's character is inadmissible at trial unless it is first offered by the defendant. MRE 404(a)(1). But if a defendant puts his character at issue, it opens the door for the prosecutor to address the defendant's character on cross examination. *People v Lukity*, 460 Mich 484, 498; 596 NW2d 607 (1999); MRE 404(a)(1); MRE 405(a).

Before VanWieren testified that defendant was a law-abiding person, defense counsel elicited testimony from her that the casino performed background checks on employees and that she was responsible for keeping track of her employees and reporting "anything that would be adverse to them." After that groundwork was laid, defense counsel then asked how important it was for the casino to have "good character people working for them." And it was not until after this question that defense counsel asked if VanWieren thought defendant was "an honest, truthful person" and VanWieren answered that she thought defendant was "honest" and "law abiding."

Defendant is correct that VanWieren's answer that defendant was law abiding was unresponsive, see *People v Mahone*, 294 Mich App 208, 213; 816 NW2d 436 (2011), but the prosecutor was not obligated to object to the answer. Defense counsel could have asked for that portion of VanWieren's testimony to be stricken, but counsel chose not to.

As for the prosecutor's questions about defendant's criminal record, they properly fell within the scope of VanWieren's direct-examination testimony. On direct examination, VanWieren testified that the casino performed background checks on its employees and that she was responsible for knowing adverse information about them. She also testified that it was important for the casino to have "good character people working for them." Even if VanWieren had not then stated that she believed defendant was law-abiding, defendant arguably already opened the door for the prosecutor to ask VanWieren if she knew about defendant's assault-and-battery conviction because that information may have been revealed in a background check and it was certainly adverse to him and could be taken as evidence that he was not the type of "good character" person the casino would want to employ. Indeed, the potential prejudice arising from information about defendant's convictions is precisely because it could be viewed as indicative of his character. Coupled with VanWieren's testimony that defendant was law-abiding, we conclude that the trial court did not abuse its discretion by permitting the prosecutor to question her about defendant's criminal history.

Defendant is correct that the trial court allowed the prosecutor's line of questioning, in part, because it mistakenly recalled that defense counsel specifically asked VanWieren whether she believed defendant was "law abiding." But, as discussed, the prosecutor's line of questioning was nonetheless permissible because it flowed naturally from questions defense counsel asked on direct examination.

Defendant next contends that asking questions about defendant's conviction was improper because the conviction was dismissed after defendant completed his sentence. Although defendant's conviction was later dismissed, he was, in fact, convicted of assault and battery. Defense counsel could have clarified the record by asking VanWieren if she knew that defendant's conviction was later dismissed after he served his sentence. Defense counsel chose not to do so,

-4-

even though that line of questioning could have reduced the prejudice of the prosecutor's questions. Additionally, the trial court instructed the jury that it was only permitted to consider evidence of defendant's convictions for the limited purpose of determining VanWieren's credibility. This limiting instruction, combined with defense counsel's choice not to clarify the issue by asking VanWieren further questions about defendant's conviction, make any error harmless. See *People v Whittaker*, 465 Mich 422, 426-427; 635 NW2d 687 (2001).

That said, even if evidence regarding defendant's prior convictions was erroneously admitted, the error does not require reversal. While defendant argues that the jury finding him guilty of the least serious charge suggests that the jury was compromising, the record establishes that the jury carefully considered all of the evidence. The jury found defendant not guilty of criminal sexual conduct against his sons. The same jury unanimously found defendant guilty of child abuse of LE. Regarding the child abuse charge compared to the criminal-sexual-conduct charges, the jury had photographic evidence in addition to LE's direct testimony of the incident to a social worker, and at trial. Defendant also testified and had three character witnesses testify as well. Moreover, the trial court properly provided the limiting instruction to the jury on how it should consider the prosecution's cross-examination of VanWieren. Thus, there was substantial evidence to support the jury's finding and it is not more probable that the outcome would have been different if the evidence had not been admitted. See *Lukity*, 460 Mich at 491, 496-497.

## III. CONCLUSION

For the reasons stated in this opinion, defendant's conviction is affirmed.


/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett